COHN v. COHEN.

(Supreme Court, Appellate Term, First Department.   January 31, 1916.)

BROKERS ☞65—RIGHT TO COMPENSATION—BAD FAITH.

In an action to recover commissions as a real estate broker in procuring a purchaser for defendant's house, in which plaintiff's own testimony showed that he was guilty of bad faith toward defendant in negotiating the sale of the house, in that he had made a secret arrangement with the prospective purchaser to obtain compensation from him if the house could be bought for a price lower than that fixed by defendant, without showing defendant's acquiescence in his acting for both parties, he could not recover.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 48-50; Dec. Dig. ☞65.]

Appeal from City Court of New York, Trial Term.

Action by Charles P. Cohn against Bertha Cohen. From a judgment in favor of plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Meighan & Necarsulmer, of New York City (Henry Necarsulmer, of New York City, of counsel), for appellant.

Beals & Nicholson, of New York City (W. J. Martin and George V. A. McCloskey, both of New York City, of counsel), for respondent.

GUY, J.   Defendant appeals from a judgment in favor of plaintiff entered upon the verdict of a jury in an action to recover commissions as a real estate broker. Plaintiff testified to an employment of plaintiff by defendant to procure a purchaser for premises belonging to her, at the price of $65,500, on terms then stated by the defendant. Plaintiff also testified to subsequent interviews, resulting finally in a statement by defendant that she would sell her property for $63,500. Defendant denied any absolute authorization of plaintiff to sell her property at any price, and testified that she stated that nothing would be done in connection with the sale of the property without the approval of her son, who was then absent from the state. On this disputed issue of fact the jury found in favor of the plaintiff. Plaintiff also testified to producing a purchaser ready, able, and willing to pay defendant the price of $63,500 on the terms stated by defendant to plaintiff, and that defendant refused to sell to such purchaser or to consider the offer without obtaining the approval of her son. Plaintiff, how-

ever, testified that, during the course of the negotiations with the proposed purchaser, he had the following conversation with the proposed purchaser:

"The next day I went over to Mr. Myers' house, and told Mr. Myers it was impossible to get the house for less than $63,500, and if he wanted to secure the house there was only one thing for him to do: To give me a certified check for $500 to the order of Mrs. Cohen, and I would go to Far Rockaway and give her the $500 as a deposit; but if I could get the house for $63,000, I says, '*and I make that $500 outside of my commission, I will try and do it.*' Mr. Myers had no objection."

Plaintiff further testified that on that same day he saw the defendant, told her that he had a certified check for $500, and a purchaser who was ready, able, and willing to purchase the house at her price of $63,500; "that I would try and get the house from her for $63,000 if I could, but I doubted whether I could get it from her; that she wanted $63,500, and that is what I came down to purchase the house for." He also testified that at one time the proposed purchaser "told me he would offer $59,000, and go as high as $60,000," and that he subsequently told defendant, "I had an offer of $59,000, but guessed I might get my man up to $60,000." There is further evidence that plaintiff's efforts, throughout the entire negotiations, were directed, not to obtaining the highest price possible for defendant's property, or the price asked by defendant therefor, but, in the interest of the purchaser, to inducing the defendant to accept a lower price than the purchaser was willing to pay.

At the close of plaintiff's case, and again at the final closing of the case, defendant moved for a dismissal of the complaint on the ground of double dealing on the part of the plaintiff; he having testified that he had made a secret arrangement with the prospective purchaser to obtain compensation from him, in violation of his obligation as an agent to act solely for the defendant. This motion was denied, the court holding that there was nothing secret about the transaction; the plaintiff having told the defendant that he contemplated making the additional $500. This ruling by the learned trial judge constituted reversible error. Plaintiff himself testified that he did not make this fact known to the defendant until the final interview, when he informed her that he had a purchaser for her property at the price of $63,500, and nowhere does he testify that defendant acquiesced in or consented to his acting both for defendant and the prospective purchaser. In Robinson v. Clock, 38 App. Div. 67, 55 N. Y. Supp. 976, the rule governing the conduct of brokers in this respect is clearly stated:

"The rule * * * forbids the broker to take compensation from one party without the knowledge and consent of the other. The fact that he had agreed to take such compensation having been proven, it was incumbent upon him *to establish the knowledge and consent of the defendants,* and as the plaintiff failed to do this, his complaint was properly dismissed."

In 19 Cyc. 279, the rule is again stated as follows:

"Where, however, it appears that plaintiff was employed by both parties, the burden is on him to show that the double employment was with defendant's knowledge and consent."

Plaintiff having failed to show due performance of his obligations as an agent under the contract of employment, and by his own testimony having established beyond contradiction that he was guilty of bad faith toward defendant, his employer, in the conduct of the negotiations for the sale of her property, did not make out a cause of action, and the motion to dismiss the complaint should have been granted.

The judgment must therefore be reversed, with costs, and the complaint dismissed, with costs. All concur.