JOSEPH CAPONE, Doing Business as ACE REALTY COMPANY, Respondent, *v.* FOSDICK REALTY CORPORATION, Appellant.

Supreme Court, Appellate Term, Second Department, May 1, 1925.

**Brokers — real estate broker — misrepresentation as to material fact by broker precludes right to commissions — direction of verdict error where controverted question of fact as to misrepresentation by broker is presented.**

A broker must act in good faith to his principal, and if he misrepresents a material fact and so brings about the making of a contract, he has no right to commissions.

It is reversible error for the trial court to direct a verdict for the plaintiff in an action for commissions upon the sale of real estate, where there is a controverted question of fact as to whether the plaintiff misrepresented to the defendant the amount which had been paid for the property in question and thereby procured defendant to make the contract of sale.

APPEAL from a judgment of the Municipal Court, Borough of Queens, First District.

*Greenbaum & Levy*, for the appellant.

*Thomas C. Kadien, Jr.*, for the respondent.

PER CURIAM:

Judgment unanimously reversed upon the law and new trial ordered, with thirty dollars costs to appellant to abide the event.

It was error for the trial court to direct a verdict. There was a controverted question of fact that should have been left to the jury for decision, namely, whether the plaintiff misrepresented to the defendant the amount Dietz had paid for the lots and so procured the defendant to make the contract of sale and exchange. A broker must act in good faith to his principal and if he misrepresents a material fact and so brings about the making of a contract, he has no right to his commission. (*Whaples* v. *Fahys*, 87 App. Div. 518.) We see no error in the rulings of the trial court excluding the evidence that sought to show how Bauman became the purchaser from Dietz.

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.