MARTIN SILBERKRAUS, Respondent, Appellant, v. SAMUEL REINHARD, Appellant, Impleaded with ANNIE REINHARD, Respondent.

Third Department, November 17, 1927.

Brokers — real estate brokers — action by broker for commissions and damages — broker had oral contract to sell on commission plus one-half of excess over stated price — after purchaser was procured at price over that stated, broker entered into written contract on which present action is brought — broker violated duty in not disclosing fact that he had purchaser at advanced price — contract is unenforcible.

The plaintiff, a real estate broker, seeks to recover commissions and damages under a written contract which provides for the payment of commissions and also that the broker will be entitled to one-half of all the purchase price in excess of a stated amount.

The plaintiff cannot enforce the contract, since it appears that while it is substantially the same as an oral contract entered into, the broker at the time the written contract was made had procured a purchaser at a price in advance of the stipulated price, and had in his possession a check for the down payment, but failed to notify the owners of the facts stated, and entered into the written

contract which, under the circumstances, must be construed as a new contract though substantially the same as the oral contract made before the purchaser was procured.

APPEAL by the defendant, Samuel Reinhard, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schenectady on the 1st day of December, 1926, upon the verdict of a jury, and also from an order entered in said clerk's office denying said defendant's motion for a new trial made upon the minutes.

Appeal by the plaintiff, Martin Silberkraus, from a judgment of the Supreme Court in favor of the defendant Annie Reinhard, entered in the office of the clerk of the county of Schenectady on the 8th day of December, 1926, upon the dismissal of the complaint as to said defendant at the close of plaintiff's case.

The plaintiff brings this action against the defendants, who are husband and wife, on a written contract signed only by the husband Samuel Reinhard, of which contract the following is a copy:

" THIS INDENTURE Made the fourteenth day of January, 1924, Between Martin Silberkraus, agent, of the City and County of Schenectady, New York, party of the first part, and Samuel Reinhard, of the same place, party of the second part, In consideration of one ($1.00) dollar paid by the party of the first part to the party of the second part, the receipt of which is hereby acknowledged, and in consideration of the agreements hereinafter set out, said party of the second part hereby sells to said first party for the sum of Forty-three thousand ($43,000.00) dollars to be paid by said first party as follows: $500.00 on or before January 19th, 1924, and the balance of the second party's equity in cash on or about February 15th, 1924. And it is further agreed that the second party will pay to the first a brokerage commission of $1,290.00 on the date of delivery of deed as herein set forth, and further it is agreed by the parties hereto, that in the event the first party receives an excess to the aforesaid $43,000.00 in that event, he the first party shall divide and share alike in such excess with the second party. The following real estate in the City and County of Schenectady, N. Y., particularly known by street number as 208 Broadway, and being the same and all the premises purchased by said second party from former owner, Herman Freed. Party of the second part agrees to furnish abstract of title. Deed and abstract to be delivered on or before February 15th, 1924. This contract is null and void unless the first party offers performance thereof on his part on or before January 19th, 1924. Dated at Schenectady, N. Y., January 14th, 1924.     SAMUEL REINHARD

" MARTIN SILBERKRAUS."

The plaintiff alleges in his complaint that the defendant Samuel Reinhard, acting for the defendant Annie Reinhard, made said agreement; that before January 19, 1924, he tendered to the defendants $500 pursuant to the terms of said contract which was refused by the defendants; that he has always been ready, willing and able to carry out the terms of the contract on his part but that the defendants have refused to be bound thereby; that after said contract had been made the plaintiff " entered into an agreement with a third party to sell said property for the sum of $45,000.00; " that because of the failure of the defendants to carry out their contract plaintiff was unable to carry out his contract with said third party; that by reason thereof he has been damaged in the sum of $2,290, for which amount he demanded judgment. It appeared at the trial that the defendants refused to carry out the contract.

The trial court dismissed the complaint as to the defendant Annie Reinhard on the ground that she did not make said contract nor authorize her husband to make the same for her. The jury rendered a verdict against the defendant Samuel Reinhard for $2,290, the amount claimed in the complaint, being the commission of $1,290 specified in said contract, together with one-half the difference between $43,000 and $45,000, it appearing that the plaintiff had procured a purchaser for the property for this latter amount and the contract in such an event providing for such excess payment. Both the plaintiff and the defendant Samuel Reinhard appeal.

*Leary & Fullerton* [*James A. Leary* of counsel], for the plaintiff.

*Blodgett & Smith* [*H. E. Blodgett* of counsel], for both defendants.

COCHRANE, P. J. In view of the testimony of the plaintiff it is unnecessary to determine the relationship between the parties which the said contract established. The plaintiff testified that three days before the contract was signed he, as a real estate broker, had entered into an oral agreement with the defendants whereby if he sold the property for them for $43,000 he was to be paid a commission of three per cent, and that if he procured a purchaser for more than that amount he was to receive in addition one-half of the excess. Therefore, when he made the written contract on which this action is brought he was the agent of the defendants and was bound to disclose to them all facts within his knowledge which might have influenced them in making the contract which is the subject of this action. " The general rule is well settled that a broker must act with entire good faith towards his principal, and he is bound to disclose to his principal all facts within his knowledge

which are or may be material to the matter in which he is employed, or which might influence the principal in his action; and if he has failed to come up to this standard of duty he cannot recover." (*Veasey* v. *Carson*, 177 Mass. 117, 120; *Howard* v. *McCredie*, 198 App. Div. 49, 53; *Wendt* v. *Fischer*, 215 id. 196, 199; 4 R. C. L. 272, 273; *Dickinson* v. *Tysen*, 209 N. Y. 395, 400; 2 C. J. § 363.) When the plaintiff made the written contract with the defendants he had procured a purchaser for $45,000 and had in his possession the check of the latter for $500 on account of the purchase price. It goes without saying that if the defendants had known this fact there would have been no motive or inducement for them to make the written contract. The plaintiff well knew this else he would not have phrased the contract in such a manner as to keep them in the dark. His duty as agent clearly prevented him from entering into a new contract with his principals for his own benefit concerning the subject-matter of his agency without a complete disclosure of all material facts. It may be argued that the written contract did not vary materially from the former oral one and that the defendants were no worse off with the former than without it. The fact remains, however, that the plaintiff procured the written contract solely for his own benefit. In no aspect of the case could the defendants be benefited thereby. In *Wendt* v. *Fischer* (243 N. Y. 439), an action by real estate brokers, it is said (at p. 443): " If dual interests are to be served, the disclosure to be effective must lay bare the truth, without ambiguity or reservation, in all its stark significance. * * * We are told that the brokers acted in good faith, that the terms procured were the best obtainable at the moment, and that the wrong, if any, was unaccompanied by damage. This is no sufficient answer by a trustee forgetful of his duty. The law ' does not stop to inquire whether the contract or transaction was fair or unfair. It stops the inquiry when the relation is disclosed, and sets aside the transaction or refuses to enforce it, at the instance of the party whom the fiduciary undertook to represent, without undertaking to deal with the question of abstract justice in the particular case.' " The court cites *Munson* v. *Syracuse, Geneva & Corning R. R. Co.* (103 N. Y. 58, 73), where the court speaks of " the great rule of law which invalidates all contracts made by a trustee or fiduciary, in which he is personally interested, at the election of the party he represents." Moreover, by the terms of the written contract the payment of $500 was deferred for five days and it was provided that said contract should be " null and void unless the first party offers performance thereof on his part on or before January 19th, 1924," although plaintiff when he made the contract had in his possession

the purchaser's check for $500 and might have delivered it immediately. So also the contract carefully concealed the fact that the purchaser had already agreed to pay $45,000, but specified the purchase price as $43,000 with a provision that if more was received the defendants should have only one-half of the excess. As agent of defendants, plaintiff owed the duty of a frank disclosure of every material fact when he set about procuring a contract solely for his own benefit. Instead of disclosure there was suppression and concealment.

This is not a case where an oral contract is reduced to writing pursuant to an understanding between the parties to that effect. The oral contract had already been substantially performed by the plaintiff. There was no understanding or intention to have it reduced to writing. Had plaintiff not found a purchaser it would not have been made. Contrary to the allegation of his complaint that the written contract was made before the purchaser was found, plaintiff testified as follows: " Q. Why did it take three days to prepare this agreement? A. I did not want to have any papers signed until I found a purchaser. Q. You did not want to have any papers signed until you found a purchaser? A. Yes, sir. Q. At the time you had that paper signed you had found a purchaser? A. Yes, sir. * * * Q. You had a bargain with him [the purchaser] at $45,000? A. Yes, sir. Q. You had the check in your pocket? A. No, sir, I had it in my office. Q. Made payable to you for $500? A. Yes, sir." Under the circumstances here appearing we think the written contract was not the formal expression of the oral contract, but that having been made as the plaintiff admits after substantial performance of the oral contract on his part and not pursuant to any intention to reduce the latter to writing, it must be considered an independent contract unrelated to the prior oral one. Moreover the latter contract was not a reproduction in form of the former one. Plaintiff brings his action on this written contract and must accept it with whatever infirmities it possesses. As we have already stated, the relationship between the parties which it established is immaterial. Whatever the relationship the contract was clearly procured as the result of suppression of material facts by an agent of the defendants and is, therefore, unenforcible by such agent.

For the reasons stated the plaintiff failed to establish as against either defendant the cause of action alleged. As stated by the trial justice the plaintiff also failed to prove that the defendant Annie Reinhard authorized or ratified the contract on which the action is brought.

The judgment and order should be reversed on the law and the

complaint dismissed as to the defendant Samuel Reinhard and affirmed as to the defendant Annie Reinhard, with one bill of costs of this appeal to the defendants.

Van Kirk, Hinman, Davis and Whitmyer, JJ., concur.

Judgment reversed on the law and complaint dismissed as to the defendant Samuel Reinhard and affirmed as to the defendant Annie Reinhard, with one bill of costs of this appea. to the defendants.