ANGLO EASTERN TRADING CO., INC., Appellant, *v.* NEW TREAD TIRE COMPANY and Another, Defendants, Impleaded with SIMPSON RUBBER PRODUCTS CORPORATION and Another, Respondents.

First Department, February 3, 1928.

Fraud and deceit — what constitutes — sufficiency of complaint — complaint alleges that defendants, sales brokers for plaintiff, entered into conspiracy to sell crude rubber to other corporation defendant which was insolvent and then resell at sacrifice — complaint alleges that conspiracy was to enable said defendant to obtain money and that resales were made and brokers profited — brokers had duty to disclose facts to plaintiff — broker defined — complaint states cause of action.

The complaint in this action to recover damages for fraud and deceit states a good cause of action. It is alleged that two of the defendants were sales brokers engaged by the plaintiff to sell crude rubber, that they entered into a conspiracy with another defendant, a manufacturer of tires, whereby the brokers would sell crude rubber belonging to the plaintiff to the other defendant and then resell the same at a sacrifice to enable said other defendant, which was insolvent to the knowledge of the brokers, to obtain money to meet pressing obligations. The complaint alleges also that this scheme was carried out, that crude rubber purchased by the other defendant was resold at a sacrifice, and that the brokers profited by the transaction.

The complaint sets out facts showing the relationship of principal and agent between the plaintiff and the brokers and a failure on the part of the latter to disclose the facts which if disclosed would have enabled the plaintiff to protect itself and that the agent profited by its wrongful acts.

A broker is an agent employed to make bargains for a compensation, commonly called brokerage, and he must act in good faith and in the interest of his principal.

First Department, February, 1928.          [Vol. 222

Appeal by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 30th day of March, 1927.

*Frederick Hemley* of counsel [*Bernard Segall* with him on the brief; *House, Grossman & Vorhaus*, attorneys], for the appellant.

*Max Krauthamer* of counsel [*Howard C. Kelly*, attorney], for the respondents.

Martin, J.   The complaint purports to state a cause of action for damages resulting from the conspiracy of the defendants to defraud the plaintiff.

The first eight paragraphs alleged that the plaintiff corporation is engaged in the buying and selling of crude rubber; that the New Tread Tire Company is a corporation engaged in the manufacture and sale of automobile tires, in which corporation the individual defendant Altenburg is a stockholder and director; that the defendant corporation Simpson Rubber Products Corporation and the individual defendant Simpson are brokers engaged as such in buying and selling crude rubber.

The allegations as to a conspiracy are to be found in the " ninth " paragraph, where the following is set forth:

" * * *   that in or about the month of July, 1924, the defendants entered into a conspiracy to defraud vendors of crude rubber, by the defendant New Tread Tire Co. purchasing crude rubber through the Simpson Rubber Products Corporation as a broker, presumably for the manufacture of automobile tires, but in truth and in fact not for such manufacturing purpose, but for the purpose of delivering the rubber thus purchased to the defendant Simpson Rubber Products Corporation for re-sale at a sacrifice, in order to raise cash for the defendant New Tread Tire Co. with which to meet its maturing obligations, the proceeds of such re-sale to be sent in part to the defendant New Tread Tire Co. and to be retained in part by the defendant Simpson Rubber Products Corporation, for itself, for the assistance rendered by the said Simpson Rubber Products Corporation in securing cash for the needs of the defendant New Tread Tire Co."

The plaintiff alleges, and for the purpose of this motion defendant admits, that purchases of crude rubber were made by the defendant New Tread Tire Company from the plaintiff, through the agency of the defendants Simpson Rubber Products Corporation and Simpson as brokers; that the rubber was bought ostensibly for the manufacture of automobile tires, but was in fact resold at sacrifice prices on behalf of the New Tread Tire Company, by the said brokers

to enable the defendant New Tread Tire Company, then insolvent, to meet its maturing obligations; and that at the time that purchases of crude rubber were so made and for some time prior thereto the defendant Simpson knew that the New Tread Tire Company was insolvent; that the defendant Simpson Rubber Products Corporation profited by the transaction and received from the plaintiff for brokerage and other services rendered in connection with the sales made by the plaintiff to the New Tread Tire Company various sums of money, which payments were made by the plaintiff in ignorance of the facts set forth; and that by reason of the foregoing plaintiff has been damaged in the sum of $15,000.

The complaint in effect sets forth that the defendant Simpson failed in his duty to the plaintiff by not disclosing that the New Tread Tire Company was insolvent; that said company was purchasing the crude rubber not for the manufacture of automobile tires, but for the purpose of reselling the crude rubber at a sacrifice so as to enable it to meet its maturing obligations; that the defendant Simpson Rubber Products Corporation and defendant Simpson were employed by the defendant New Tread Tire Company to resell the crude rubber so purchased; that they made pretended and fraudulent sales and made remittances, on the basis of such pretended sales, afterwards reselling the merchandise and retaining the excess for themselves.

It is also alleged that, pursuant to such conspiracy, crude rubber was purchased by defendant New Tread Tire Company, and turned over to the Simpson Rubber Products Corporation, which made pretended sales to a corporation known as Victor W. Fink & Company, Inc., and others at prices considerably below the market price.

The complaint clearly sets forth facts showing the relationship of principal and agent. It is alleged that a full and complete disclosure was not made by the agent. In fact, information which would have protected the principal is alleged to have been withheld. The principal was entitled to know the facts and to be afforded an opportunity to protect its interests. The broker's concealment deprived the plaintiff of such an opportunity. A broker is an agent employed to make bargains for a compensation, commonly called brokerage and he must act in good faith and in the interest of his principal.

There are facts alleged showing fraud practiced upon the plaintiff, perpetrated by defendants, and damages resulting therefrom. If the facts so alleged are proved, the plaintiff would be entitled to recover. The defendant brokers, the respondents, were obligated to act fairly and honestly with their principal and, if they were a

party to such a conspiracy, and the acts done in carrying it out, they are liable for the damages incurred as a result of such acts.

The allegations of the complaint show that the defendants' brokers not only failed in their duty to plaintiff, to plaintiff's damage, but profited thereby.

In *Wendt* v. *Fischer* (243 N. Y. 439) it is said: " We are told that the conflict of interest was sufficiently revealed when the brokers informed the plaintiff that the sale was to be made to a client of their office. Disclosure so indefinite and equivocal does not set the agent free to bargain for his own account or for the account of a corporation which acts through him alone. If dual interests are to be served, the disclosure to be effective must lay bare the truth, without ambiguity or reservation, in all its stark significance (*Dunne* v. *English*, L. R. 18 Eq. 524; *Imperial Merc. Credit Assn.* v. *Coleman*, L. R. 6 H. L. 189). Finally we are told that the brokers acted in good faith, that the terms procured were the best obtainable at the moment, and that the wrong, if any, was unaccompanied by damage. This is no sufficient answer by a trustee forgetful of his duty. The law ' does not stop to inquire whether the contract or transaction was fair or unfair. It stops the inquiry when the relation is disclosed, and sets aside the transaction or refuses to enforce it, at the instance of the party whom the fiduciary undertook to represent, without undertaking to deal with the question of abstract justice in the particular case ' (*Munson* v. *Syracuse, etc., R. R. Co.*, 103 N. Y. 58, at p. 74; cf. *Dutton* v. *Willner*, 52 N. Y. 312, 319). Only by this uncompromising rigidity has the rule of undivided loyalty been maintained against disintegrating erosion."

The complaint sets forth a fraudulent scheme made and carried out by the defendants whereby the plaintiff was damaged and by means of which some of the defendants profited, especially the agents of the plaintiff, who were bound to act fairly and honestly. (*Brackett* v. *Griswold*, 112 N. Y. 454.)

The order dismissing the complaint for failure to set forth a cause of action should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Dowling, P. J., Merrell, O'Malley and Proskauer, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.