MORRIS STOLLER, Respondent, *v.* BLOCK REALTY CO., INC., and Others, Appellants.

Supreme Court, Appellate Term First Department, March 21, 1928.

**Vendor and purchaser — action by vendee to recover damages for fraud and deceit based on vendor's representation that no taxes were payable on building — defendant's broker conceded he made representation but scienter was not proved — evidence does not establish justification for action — claim that vendor personally made same misrepresentation not supported by proof.**

There was no justification for plaintiff's action for damages for fraud and deceit based on a claim that the vendor of an apartment house made a misrepresentation that there were no taxes payable on the building, where it appears that though the vendor's broker conceded that he had made such a statement, no attempt was made to prove scienter on his part. While his act might have furnished ground for rescission, it affords no basis for this action. Moreover, there was no proof to establish plaintiff's claim that the vendor personally made the same misrepresentation to him.

A real estate broker under ordinary circumstances is neither the general nor the special agent of the vendor.

CRAIN, J., dissents.

APPEAL by defendants from judgment of the City Court, county of Bronx, in favor of plaintiff after trial by the court without a jury.

*George Trosk,* for the appellants.

*Arnstein & Levine [Sidney S. Levine* of counsel], for the respondent.

BIJUR, J.    This action was brought by the vendee of an apartment house against the vendor and its officers to recover damages for fraud and deceit.    The cause of action upon which the judgment was ordered was one for alleged misrepresentation by the seller that there were no taxes payable on the building for the year 1926. Defendants' real estate broker frankly conceded that he had made such representation and explained satisfactorily how he came to entertain the mistaken notion.    No attempt was made to prove scienter on his part.    So far, therefore, as he is concerned his act afforded no ground for this action.    It might have furnished the basis for a rescission.    (*Seneca Wire & Mfg. Co.* v. *Leach & Co., Inc.,* 247 N. Y. 1.)

The learned judge below, however, has held the defendants on the ground that they were bound by the broker's misrepresentation. This is supported by the citation of *Fairchild* v. *McMahon* (139 N. Y. 290, 294, 295) which in turn cites *Krumm* v. *Beach* (96 id. 398).    An examination of these cases discloses that in the *Fairchild* case the court said (p. 295): " The findings imply that the broker was the general agent of Cain, and as such his statements bound his principal."    In the *Krumm* case, speaking of the agency of the husband for his wife, the court said (p. 405): " Whatever of possible doubt might have arisen upon the question of agency is solved by the admitted community of interest and of action disclosed by the answer."

These extracts mark the distinction between those cases and the one before us, for a real estate broker is under ordinary circumstances neither the general nor the special agent of the vendor. (*Stone* v. *U. S. Title Guaranty & Indemnity Co.,* 159 App. Div. 679; affd., no opinion, 217 N. Y. 656; *Fitzgerald* v. *Sherman,* 207 App. Div. 52.)

It is evident, therefore, that there was no justification for an action for fraud and deceit against either the broker or the defendants.    It is now sought to sustain the judgment on evidence produced by plaintiff to the effect that the defendants had personally made the same misrepresentation to plaintiff.    Quite apart from the general improbability that such representations have been made at all under the circumstances, the unconvincing character of the testimony of plaintiff in particular regarding the interview, and the occurrences at the time of the closing of title which indicate

that defendants had made no such statement, the learned judge below evidently did not base his decision on what took place at the interview; otherwise he would not have written, as he has, an opinion basing his judgment exclusively on the defendants' responsibility for the broker's misrepresentation. Were the question solely one of whether the misrepresentation has been made by the defendants personally, I should be inclined to hold a finding to that effect against the weight of evidence.

Judgment reversed and a new trial granted, with costs to appellants to abide the event.

BIJUR and DELEHANTY, JJ., concur; CRAIN, J., dissents.