236

ELSIE MACDONALD SAVILLE, Individually and as Ancillary Administratrix of ALBERT J. MACDONALD, Deceased, Appellant, Respondent, v. ROBERT SWEET, Respondent, Appellant, Impleaded with PAUL HAYES and Another, Defendants, and C. STANLEY TAYLOR and Another, Respondents.

First Department, January 15, 1932.

*J. Adam Murphy* of counsel [*Joseph M. Hartfield* and *Milton A. Kramer* with him on the brief; *White & Case*, attorneys], for the plaintiff.

*Emery H. Sykes* of counsel [*Walter C. Lundgren* and *Paul W. McQuillan* with him on the brief; *Sullivan & Cromwell*, attorneys], for the defendant Robert Sweet.

*William L. Bowman*, for the defendants C. Stanley Taylor and Howard Myers.

McAvoy, J. In November, 1925, the defendants, directors and officers of Rogers & Manson Company, purchased from Mrs. Elsie

MacDonald Saville, administratrix of Albert J. MacDonald, formerly president of the Rogers & Manson Company, 470 shares of his stock and brought about the purchase by representations, which it is alleged were false, with respect to the condition of the company and its earnings. It was represented to plaintiff that the corporation might possibly earn ten dollars per share for the year 1925 after paying bills, if the overdrafts of Myers, then the president, were counted into the profits for that year, and that the company was doing somewhat better than it had in 1924. Plaintiff believed the representations and sold the stock relying on them. The earnings greatly exceeded ten dollars per share for 1925, and plaintiff had sold 470 shares at $40,000. In 1927 the company paid eighty dollars per share in dividends. In 1928 defendant sold the stock for $1,000 a share.

In 1926 defendants Robert Sweet and Paul Hayes procured from plaintiff forty-five shares of stock of Rogers & Manson Company upon representation that the earnings and condition of the company were the same as in 1925. Mrs. Saville believed the representations, which were not true, and sold forty-five shares of stock for $3,829.50. The earnings in 1926 were greatly in excess of ten dollars a share, which these defendants represented were the earnings of 1925 and 1926.

Defendants admit the sale of stock by Mrs. Saville, claiming, however, that defendant Myers was not a purchaser. The answer interposed denies the alleged misrepresentations. In the separate defenses defendants claim plaintiff had knowledge of the " radical increases in the salaries of the officers," that notwithstanding such increases substantial profits had been made in the years 1925 and 1926, and that in the said years Rogers & Manson Company made profits applicable to dividends greatly in excess of twenty dollars a share. It is pleaded that plaintiff learned of this situation in 1927, and sat by and allowed defendants, who considered themselves the owners of the company, to build up the business to where the stock was worth $1,000 a share. It is claimed plaintiff is barred by laches and is estopped.

The matter for decision is whether, so far as plaintiff is concerned, defendants, and particularly Robert Sweet, were under a duty in November, 1925, to disclose to her the financial condition of Rogers & Manson Company at the time of the sale of her 470 shares. The trial court held that defendant Sweet was under such duty in 1926 with respect to his purchase of 45 shares.

We think on the proof made here by plaintiff that there was a deliberate misrepresentation by defendant Sweet of the true state and earnings of the company, and that it was acquiesced

in and connived at by all the defendants, even though not actively engaged in the negotiations.

It is not necessary for the plaintiff to establish a technical case of fraud and deceit. The relationship between plaintiff and the defendants was like that of a fiduciary. Defendants were the directors and officers of a very small corporation, whose stock was not listed or traded in anywhere, whose business was small and known only to themselves, and who, in purchasing control from plaintiff, were under a duty to disclose to her the full facts of the condition of the company affecting the value of the stock which she was selling.

Myers was the active agent who procured the sale of the stock from the estate to the defendants in November, 1925. The contract of sale was made in the name of Myers for himself and his associates. The negotiations for the sale were conducted with Myers. In an action for fraud and deceit this defendant is nevertheless liable for the damages done, whether or not he received any benefits. Defendant Myers should account whether or not he received any benefit from the purchase of 470 shares of Rogers & Manson Company stock.

The extent of Myers' liability to account is not to be determined now. That is a matter to be investigated in the accounting proceedings. Defendants Taylor and Myers are bound by the acts of defendant Sweet.

The trial court disregarded the defense of laches and the defendants did not urge it at the trial. No evidence has been adduced to show laches on the part of the plaintiff.

Plaintiff is entitled to an accounting of forty-five shares from defendant Sweet, as ordered by the trial court.

The judgment of the trial court on the first cause of action should be reversed, with costs, and judgment rendered in favor of the plaintiff, and the findings modified accordingly, and judgment on the second cause of action should be affirmed, with costs.

FINCH, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Judgment on the first cause of action reversed and judgment directed in favor of the plaintiff, and the findings modified accordingly and judgment on the second cause of action affirmed, with costs. Settle order on notice.