PHILIP GREENFIELD, Respondent, *v.* ROBERT BAUSCH, Appellant.

First Department, March 24, 1933.

*Henry Y. Schooner*, for the appellant.

*Frederick Behr*, for the respondent.

SHERMAN, J. Plaintiff, a real estate broker, who claimed and received from an owner of realty a fee for participating in selling it to defendant, has also recovered from the purchaser of that property a verdict based upon two causes of action.

In the first cause of action, he has been awarded the sum of $1,500 under an alleged agreement claimed to have been previously made with defendant whereunder he was to receive from defendant (the purchaser) a sum equal to one-half of the amount by which the offering price of the real estate was, through his efforts, reduced. The property, thus purchased by defendant, was owned by a corporation, of which one Lefkowitz was an active officer and agent. Defendant and Lefkowitz had negotiated respecting its sale at a price of $165,000 which price had been reduced to the sum of $162,000. Plaintiff claims that he intervened and prevailed upon the seller to reduce further the offering price and, having reduced his commission payable by the seller to the sum of $1,000, he thereby enabled defendant to purchase it for $159,000 which was $3,000 less than the price at which the property was offered when his agreement was made with defendant; thereby, so he claims, he became entitled to recover from defendant one-half of the saving, to wit, $1,500. In other words, having induced the seller to take less for the property than he had been asking, plaintiff contends that he has earned from the purchaser by that service according to their agreement one-half of the amount by which the purchase price was reduced.

The second cause of action grows out of the non-payment by defendant of that sum of $1,500. Plaintiff asserts that he did not sue for the above mentioned sum of $1,500 and defendant agreed that, whenever he might sell the purchased property he would pay to plaintiff a commission upon such resale in accordance with the rates fixed by the New York Real Estate Board, no matter whether plaintiff participated in effecting the resale or not. Plaintiff became as he termed it an " exclusive broker "; the duration of that privilege was, however, not fixed.

More than fifteen months after he had contracted for the property,

defendant sold it through another broker. Plaintiff has recovered upon this second cause of action the sum of $3,700, which is equal to full commissions.

It is clear that if plaintiff's first cause of action fails, the second cause of action, which looks to it for consideration to support this exclusive agency contract and agreement to pay a commission to plaintiff, must also fail.

How can the first cause of action be sustained? Even though it be conceded that the plaintiff was vested with no discretion so far as actually fixing the sales price of the real estate, nevertheless he was in duty bound to obtain for the owner the highest price, and loyalty to his principal forbade his entering into an agreement with an intending purchaser whereby he, as the broker, was to profit by inducing the owner to sell its property at a lower figure. To escape this result, plaintiff, in his brief, claims that he informed Mr. Lefkowitz of his arrangement with the intending purchaser and that the seller had no objection to this course. The record, however, does not support this contention. It shows that the only mention to the seller of any agreement for plaintiff's compensation from the purchaser occurred when the contract was signed, and that it related merely to the purchaser's paying a part of the fixed earned commission payable by the vendor. Plaintiff concealed his real arrangement with defendant. Nothing was said about plaintiff's sharing in any reduction of the sales price. Mr. Lefkowitz, who was apparently disinterested, testified unequivocally that he was not aware of that arrangement, and is uncontradicted; apparently, he believed that he had the broker's undivided allegiance, to which he was entitled. It would be surprising if an owner of property which is being offered for sale through a broker should tolerate his agent's making such an agreement. Thereby, he stood to lose and the broker to profit upon a scale measured by the amount by which the broker could induce the owner to diminish the price which he would accept. Surely, the real estate owner may rely on the broker for the benefit of his skill or judgment, and the broker would be held to forfeit his right to compensation from the principal, when his efforts are not in his principal's behalf but adverse to him. (*Martin v. Bliss*, 57 Hun, 157; affd., 132 N. Y. 551.) His profit would grow as the return to his principal diminished.

The latest expression by the Court of Appeals of the requirement of fidelity in an agent is found in *Elco Shoe Manufacturers v. Sisk* (260 N. Y. 100, at p. 103): " We have here an illustration of the fact that no man can serve two masters with equal fidelity when rival interests come into existence. Agents are bound at all times to exercise the utmost good faith toward their principals. They

must act in accordance with the highest and truest principles of morality." The broker must act with candor toward his employer (*Roome* v. *Robinson*, 99 App. Div. 143, 148), and is under a general duty to promptly disclose to his principal such information as he may possess or obtain in his employment affecting the transaction in which he is engaged (*Dickinson* v. *Tysen*, 209 N. Y. 395, 400; *Silberkraus* v. *Reinhard*, 221 App. Div. 615, 617), so that the principal may seasonably take any steps which he deems essential to his interests. (*Hyatt* v. *Clark*, 118 N. Y. 563, 569.)

It has been held that a broker is guilty of bad faith and cannot recover commissions where he submits an offer to his employer and fails to reveal to him any other better offers that have been made. (*Haydock* v. *Stow*, 40 N. Y. 363, 369; *Lichtenstein* v. *Case*, 99 App. Div. 570.)

A broker may not assume incompatible duties. The proof is that, instead of endeavoring to obtain the highest possible price for his employer, he undertook to induce the seller to accept a lower price and kept the vendor in ignorance of the arrangement with the purchaser. Since the performance of plaintiff's engagement with defendant must involve disloyalty to his principal, his cause of action cannot be upheld. (*Robinson* v. *Clock*, 38 App. Div. 67; *Cohn* v. *Cohen*, 157 N. Y. Supp. 125; *Knauss* v. *Krueger Brewing Co.*, 142 N. Y. 70, 75; *Reiner* v. *North American Newspaper Alliance*, 259 id. 250, 261.)

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.