**BOND & SHARE TRADING CORPORA-TION v. INSURANSHARES CORPORA-TION OF DELAWARE et al.**

Civil No. 178.

District Court, E. D. New York.

Aug. 9, 1941.

Spence, Windels, Walser, Hotchkiss & Angell, of New York City (Ernest Angell, of New York City, of counsel), for plaintiff.

Francis X. Mancuso, of New York City, defendant, appearing in person.

CAMPBELL, District Judge.

This action was brought by the plaintiff against a large number of defendants, but on the trial before this Court, without a jury, it was tried only as against the defendant, Francis X. Mancuso.

The plaintiff limited itself on this trial, as against the defendant, Francis X. Mancuso, to the first cause of action.

Plaintiff contends that the defendant Mancuso, with the other defendants, without the knowledge and consent of plaintiff's minority stockholders, conspired unlawfully to convert plaintiff's portfolio securities, and other assets by obtaining control of plaintiff, and transferring its securities to themselves, and by turning such securities into cash and diverting the proceeds to their own use and benefit, by purchasing, with plaintiff's assets, worthless securities of other corporations, owned or controlled by defendants, the Boston group, by paying unlawful commissions and fees, and by other fraudulent devices, and that all of the acts and transactions alleged in complaint were successive steps in the conspiracy, in which all of the defendants participated.

Plaintiff further contends that the commission paid to defendant, Mancuso, was not earned, and must be paid back.

The evidence convinces me that the defendant, Mancuso, was not an employee of the plaintiff, Bond & Share Trading Corporation, or of the Gutekunst interest.

The Boston group defendants, Robb, Morris and Solomont, were, on the basis of what had been told him by Morris and Robb, believed by the defendant, Mancuso, to be men of means, Robb and Morris being members of a successful and reputable firm of lawyers in Boston, and Solomont a successful lawyer in Boston and an attorney for one of the largest brokerage houses in the country.

The Boston group acquired a controlling interest in Insuranshares through the employment of Mancuso and Davidson as brokers.

Thereafter the Boston group requested Mancuso and Davidson to bring to their attention for purchase any investment trust they might learn was for sale, thereby Mancuso and Davidson became the brokers and employee solely of the Boston group and the defendant, Insuranshares.

The defendant, Mancuso, was not an officer, director or stockholder of the plaintiff, Bond & Share Trading Corporation, the defendant, Insuranshares, or any of the corporations controlled by the Boston group. The defendant, Mancuso, acted as broker and finder for the Boston group, and Insuranshares.

The defendant, Mancuso, is and was a lawyer, but the defendant, Mancuso, did not act as the attorney for any person, firm or corporation in the sale or purchase of the stock of the plaintiff.

The contract for purchase of the stock of the plaintiff was drawn by the defendant, Morris, of the Boston group, and the defendant, Mancuso, did not counsel or advise in the drawing of that contract. The defendant, Mancuso, did not make any representations as to the purchase of the share of plaintiff being a good thing.

The defendant, Mancuso, knew that the principal stockholders of the plaintiff company intended immediately upon selling their stock to acquire some of the assets of the company mentioned in the letter of the defendant, Mancuso, Ex. 8, and, to pay about $131,000 therefor, and there is no evidence that such sum was not the full value of such assets, and an adequate price therefor. This information he received from his co-broker Davidson. He did not know what was to be done about notice to minority stockholders, and did not consider he should as a mere broker. He did not know what disposition was to be made of the sum received for such assets.

There is no evidence that the defendant, Mancuso, had any knowledge, information or belief that any of the defendants would perform any of the alleged acts subsequently performed by them, or caused by them to be performed by others, or even that the sale of assets to the Gutekunst group was to be made without notice to the minority stockholders of the plaintiff.

The defendant, Mancuso, did not discuss Northern Fiscal Corporation with any of the defendants. Wherever there is a conflict in the testimony between the defendants Robb and Mancuso, I believe there should be, and I have accorded greater weight and credence to the testimony of the defendant, Mancuso.

The commission agreed to be paid to the defendants, Mancuso and Davidson, was for their services rendered to the defendants Insuranshares, and the Boston group, in acquiring the stock of the plaintiff held by the Gutekunst group, and not because of any sale to the Gutekunst group of any of the securities in the portfolio. The commission was originally arranged to be $10,000; but was reduced to $5,000 by the Boston group, because of the transfer tax which had to be paid, and because of a slight increase of the purchase price.

The defendants, Mancuso and Davidson, received their commissions from Insuranshares and the Boston group, by whom alone they were employed, by a check made by the Northern Fiscal Corporation, signed by Morris and Solomont, which was paid.

At the time the said check was made and paid the said Northern Fiscal Corporation was financially responsible.

The defendant, Mancuso, was not employed by the plaintiff, or by Gutekunst, or the Gutekunst group, to perform any services, and if he had not been paid he could not have recovered anything from either of them.

■ That there was a conspiracy to perform illegal acts by some of the defendants, especially the Boston group, is testified to by the defendant Robb, but the evidence does not convince me that the defendant, Mancuso, was a co-conspirator. The fact that the defendant, Mancuso, was a lawyer is not controlling, as he was

not acting in any sense as a lawyer in the transaction in question, but simply as a broker, and dealing as he was, with men he thought to be reputable, and financially responsible, I do not believe that he as a broker was under any obligation to anticipate illegal acts on the part of his employers.

In support of its contention that the defendant as an associate must account jointly and severally with the others for the entire loss caused, the plaintiff cites Irving Trust Company v. Deutsch, 2 Cir., 73 F.2d 121; Jackson v. Smith, 254 U.S. 586, 41 S.Ct. 200, 65 L.Ed. 418; Laska v. Harris, 215 N.Y. 554, 556, 109 N.E. 599; McCandless, Receiver v. Furlaud et al., 296 U.S. 140, 56 S.Ct. 41, 80 L.Ed. 121.

These cases do not seem to me to be in point, as the case at bar is clearly distinguished on the facts. In Irving Trust Company v. Deutsch, supra, and Jackson v. Smith, supra, the persons held liable assisted the fiduciary with full knowledge of what was intended, and were financially interested in the result, not a mere broker as in the case at bar. In Jackson v. Smith, supra, and in Laska v. Harris, supra, the two cases cited by plaintiff, an agent was held personally liable for fraudulent representations, although he may not have profited thereby. There is no proof, in the case at bar, of any fraudulent representations by the defendant, who was merely a broker.

In McCandless, Receiver v. Furlaud et al., supra, those held liable were promotors of a corporation not a mere broker.

The plaintiff cites as authority for its contention that the defendant, Mancuso, did not earn his commission, and that he must pay it back to plaintiff. Wendt v. Fischer, 243 N.Y. 439, 154 N.E. 303; Saville v. Sweet, 234 App.Div. 236, 238, 254 N.Y.S. 768, affirmed 262 N.Y. 567, 188 N.E. 67; Lamdin v. Broadway Surface Advertising Corporation, 272 N.Y. 133, 138, 5 N.E.2d 66; Restatement of the Law Agency, Vol. 2, Sections 401, 403, 469a.

These cases do not seem to me to be in point, as the case at bar is clearly distinguished on the facts.

In Wendt v. Fischer, supra, the president, treasurer and manager of the purchasing corporation was a member of the firm of brokers employed by the seller to find a buyer, and he did not disclose his relations to the purchase to the seller.

This is quite different from the facts in the case at bar, where the defendant, Mancuso, was not employed by the seller, and was not an officer, director or stockholder in any corporation in which his employers, the Boston group and Insuranshares, were interested, and had no interest in the transactions other than his commission. In Saville v. Sweet, supra, the plaintiff was induced by fraud and deceit to sell, and the one who negotiated the sale to himself and his associates was held liable to account whether he received any benefit or not, because he and his associates were bound to apprise the plaintiff of the true facts of which they had knowledge. This is clearly different from the case at bar, where the defendant, Mancuso, was not employed by the plaintiff, had no relations with it, and made no representations to it. In Lamdin v. Broadway Surface Advertising Corporation, supra, the complaint was dismissed where plaintiff, an employee of the defendant, sought to recover a balance alleged to be due for salary earned, where it was held that plaintiff had acted in a way inconsistent with his agency or trust. This is very different from the case at bar, where the defendant, Mancuso, was not in the employ of the plaintiff, and acted in perfect good faith with his employers.

That the broker must act with candor and entire good faith toward his principal, and disclose to him all the facts within his knowledge, and all information he may possess, or obtain in his employment, affecting transactions in which he is engaged, is so well established that it hardly needs citation of authorities, but defendant cites the following: Anglo-Eastern Trading Co., Inc., v. New Tread Tire Co., 222 App.Div. 475, 226 N.Y.S. 532; Greenfield v. Bausch, 238 App.Div. 52, 263 N.Y.S. 19; Friedman v. New York Telephone Co., 256 N.Y. 392, 176 N.E. 543; Stoller v. Block Realty Co., Inc., 131 Misc. 689, 227 N.Y.S. 731; People's Bank of the City of New York v. Orlando M. Bogart, 81 N.Y. 101, 37 Am.Rep. 481; Silberkraus v. Reinhard, 221 App.Div. 615, 225 N.Y.S. 14; Capone v. Fosdick Realty Corporation, 125 Misc. 828, 211 N.Y.S. 614.

In none of these cases are the facts the same as in the case at bar, where the plaintiff was not the employer of the defendant, Mancuso, and he made no representations of any kind to the plaintiff, nor to the plaintiff's stockholders, whose stock he was trying, as a broker, to have sold to his em-

ployers, the disclosed Boston group and the corporation Insuranshares controlled by them.

As I have hereinbefore found, the defendant, Mancuso, simply acted as a broker, without any knowledge that the purchasers intended to do any illegal acts, and without guilty knowledge there is no liability on the part of the defendant, Mancuso. Gerdes v. Reynolds, Sup.Ct., 28 N.Y.S.2d 622.

In the case at bar the plaintiff was not the employer of the defendant, Mancuso, nor was he employed to render any services for it, nor did he knowingly receive anything from it, on the contrary, he was paid by his employers by a check drawn by another corporation in which the Boston group were interested, and signed by two of them, Morris and Solomont, and plaintiff is not entitled to a return of the commission.

A judgment may be entered in favor of the defendant, Mancuso, dismissing the complaint as to him with costs.

Settle judgment on notice.

Submit proposed findings of fact, and conclusions of law, in accordance with this opinion.