MICHAEL MYERBERG, Respondent, v. EDWIN S. WEBSTER, JR., et al., Copartners under the Name of KIDDER, PEABODY & Co., et al., Appellants.

First Department, March 23, 1945.

*Frank J. Berberich* of counsel (*Arthur H. Dean* with him on the brief; *Sullivan & Cromwell,* attorneys), for appellant Kidder, Peabody & Co.

*James V. Hayes* of counsel (*Donovan . Leisure Newton & Lumbard, John A. Morhous, George P. Lane* and *J. Leo Coupe* with him on the brief; *Franklin Waldheim,* attorney), for appellant Walt Disney Productions.

*Emil K. Ellis* of counsel (*Judd L. Beckoff* with him on the brief), for respondent.

*Per Curiam.* Although ordinarily a " finder ", not vested with discretion in negotiating the terms of a contract, may accept compensation from each party (*Knauss* v. *K. B. Co.,* 142 N. Y. 70; *Gracie* v. *Stevens,* 56 App. Div. 203), we think the reason for that exception from the general rule of agency does not apply where the conditions under which the parties meet are known to influence the course of the negotiations. The plaintiff testified that Walt Disney Productions agreed to assume one half of the plaintiff's compensation in order to be placed in a superior position in negotiating the transaction to the detriment of Kidder, Peabody & Co., by whom the plaintiff had been employed. Although the jury could find that Kidder, Peabody & Co. was subsequently informed that the plaintiff would be compensated by Disney, the purpose of that arrangement was not revealed. Under such circumstances we are of opinion that the plaintiff is not entitled to recover.

The judgment and the orders should be reversed, with costs to the appellants, and the complaint dismissed, with costs.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur; GLENNON, J., dissents.

Judgment and orders reversed, with costs to the appellants, and complaint dismissed, with costs.