HERBERT S. KLEIN et al., Copartners Doing Business as AMIN-TRADE-AMERICAN INTERNATIONAL TRADE Co., Plaintiffs, *v.* TWENTIETH CENTURY-FOX INTERNATIONAL CORPORATION et al., Defendants.

Supreme Court, Trial Term, New York County, November 20, 1951.

*Whitman Knapp* and *Vincent L. Broderick* for Twentieth Century-Fox International Corporation, defendant.

*Myron Kommel* for plaintiffs.

DI FALCO, J. On the trial of this action motions were made to dismiss the complaint at the close of the case and to set aside the verdict of the jury, and decision was reserved. The action is to recover commissions for services rendered by the plaintiffs on behalf of Twentieth Century-Fox International Corporation, one of the defendants. The testimony at the trial disclosed that the plaintiff and a representative of Belfire, S. A., a foreign corporation, went to Fox's New York office in order to obtain a 16-mm. movie distribution contract for Belfire. No action was taken by Fox at this time and plaintiff Herbert S. Klein, the only witness who testified on behalf of the plaintiffs, stated that the officer representing Belfire at that time stated to Fox that Klein could be relied upon to pass any information or do any negotiating on behalf of Belfire after the officer left the country.

On March 18, 1948, in respect to a telephone call from Fox, Klein went to their offices. After a general discussion, the question of the Belfire transaction was taken up. It was then that Klein expressed concern as to the payment of his commission, because of the difficulty in getting dollars out of Belgium. Klein then testified: " And it was at that time he assured me I would receive my money in dollars, so that I didn't have to rely upon Belfire to pay me, and that they would pay me my commissions for the amount if the contract was to be negotiated and Belfire was to receive it and they were to receive Belfire as an agent."

It is this testimony that plaintiffs contend supports the allegation of the complaint that Fox employed the plaintiff to obtain a distributor for the territory, which territory was the same as that to be served by Belfire. The complaint further alleges that the defendants each agreed to pay the plaintiffs if the plaintiffs were successful in arranging for any distribution contract. The testimony set forth above fails to sustain the burden of establishing that a contract was entered into between Fox and the plaintiffs, but even assuming *arguendo* that there was such a contract between Fox and the plaintiffs, they are still precluded from recovering because of the fiduciary relationship existing between the plaintiffs and Belfire.

The testimony in the record and Exhibits 4, D, E and F all disclose that the plaintiffs were acting in behalf of Belfire throughout the entire transaction. The plaintiffs throughout this entire transaction were attempting to secure for Belfire the distributing contract for the films and to secure it on terms advantageous to Belfire. Nowhere in the exhibits or testimony is there any disclosure to Belfire of the fact that the plaintiffs were also acting on behalf of Fox, notwithstanding their obligations to Belfire.

As stated in *Greenfield* v. *Bausch* (238 App. Div. 52, 54–55): " The latest expression by the Court of Appeals of the requirement of fidelity in an agent is found in *Elco Shoe Manufacturers* v. *Sisk* (260 N. Y. 100, at p. 103): ' We have here an illustration of the fact that no man can serve two masters with equal fidelity when rival interests come into existence. Agents are bound at all times to exercise the utmost good faith toward their principals. They must act in accordance with the highest and truest principles of morality.' The broker must act with candor toward his employer (*Roome* v. *Robinson,* 99 App. Div. 143, 148), and is under a general duty to promptly disclose to his principal such information as he may possess or obtain in his employment affecting the transaction in which he is engaged (*Dickinson* v. *Tysen,* 209 N. Y. 395, 400; *Silverkraus* v. *Reinhard,* 221 App. Div. 615, 617), so that the principal may seasonably take any steps which he deems essential to his interests. (*Hyatt* v. *Clark,* 118 N. Y. 563, 569.) " (See, also, *Myerberg* v. *Webster,* 269 App. Div. 65, affd. 295 N. Y. 870.)

The plaintiff under these authorities being precluded from recovery, it is unnecessary to consider the other points raised by defendant. The motions are therefore granted and the complaint dismissed. Settle judgment.