. FRANK FOX, Appellant, v. JAMES M. HEATHERTON, Respondent.— In an action for rescission of a sale of shares of stock of two corporations and for an accounting by defendant, an officer and director of such corporations, the

plaintiff appeals from a judgment dismissing his complaint. Judgment reversed on the law and the facts and new trial granted, with costs to the appellant to abide the event. The appellant sought rescission because of misrepresentation by respondent as to the value of the shares of stock held by the appellant and sold to the respondent. The Trial Justice made no finding as to whether there was or was not a representation as to the value of the stock. He could not determine where the truth lay. His opinion discloses that he considered that the appellant was not entitled to a decree in the absence of a finding that there was fraudulent misrepresentation which induced the sale of the stock. When rescission of a contract between parties situated as these is sought in equity, misrepresentation of a material matter relied upon, although not fraudulently made, justifies a decree in favor of the party who relies on the misrepresentation. (*Seneca Wire & Mfg. Co.* v. *Leach & Co.*, 247 N. Y. 1; *Saville* v. *Sweet*, 234 App. Div. 236, affd. 262 N. Y. 567.) The respondent and his wife owned all the outstanding stock of the corporations except that which appellant owned, and respondent controlled the corporations. According to the appellant, the respondent represented that the shares of stock held by appellant had no or little value save to wind up the corporations. The respondent denied that appellant had in December, 1950, asked him what was the value of the shares, but he did not deny that he made the representation which appellant testified was made after the latter had become the owner of the stock. The evidence establishes that the shares had a value many times the amount which respondent paid for them, and it could have been found that respondent knew the real value of the shares and that appellant relied upon the representation. The relationship of these parties was such that appellant could rely on the representation claimed to have been made as of the date of the sale. (*Saville* v. *Sweet, supra.*) If, in fact, the representation was made and he relied upon it, and it was untrue, he could recover notwithstanding he might have made use of available sources of information which would have showed the real value. The findings in the opinion that appellant failed to establish the falsity of the representations, so far as they embrace the representation claimed to have been made on the date of the sale, are against the weight of the evidence. Respondent failed to deny there was such a representation and the documentary evidence warranted a finding that the value far exceeded the representation value. This record discloses no insuperable barrier to a determination of the issue as to whether there was misrepresentation as to value by the respondent. The conclusion by the Justice at Special Term that fraudulent misrepresentation was necessary to be established, taken with his conclusion that the relationship of the parties was not quasi-fiduciary, manifestly induced his inability to find whether there was an untrue material representation. In the interests of justice, a new trial is required. Appellant, of course, must establish that the misrepresentation relied upon induced the sale. Without misrepresentation he has no cause of action. Merely because he was paid much less than the real value by the respondent, who was his quasi-fiduciary, will not warrant a decree in his favor. Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.