## NEKARDA v. PRESBERGER.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

**1. BROKERS—RIGHT TO COMMISSIONS—CONDITIONS—PLEADING.**

Where a broker's contract for commissions provided that the amount sued for was payable out of the last cash payment, such payment constituted a condition precedent to any liability on defendant's part to pay such sum to plaintiff; and hence an allegation in plaintiff's complaint that the sum sued for "became due" on a given date was not a sufficient allegation that the condition precedent had happened.

**2. SAME—RIGHT TO COMMISSIONS—FIDUCIARY RELATION.**

At the time defendant employed plaintiff to sell certain real estate on commission, plaintiff was an attorney and the purchaser was one of his clients. The purchaser was also president of a corporation of which plaintiff was a director, and the contract of purchase was made for its benefit; the property being conveyed to it. *Held*, that plaintiff sustained a relation of trust to both his client and the corporation, and could not recover commissions on such sale without proof that the purchaser had knowledge of and consented to plaintiff's contract for commissions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 48–50.]

Appeal from Trial Term.

Action by Francis J. Nekarda against Mendel Presberger. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and HOUGHTON, McLAUGHLIN, SCOTT, and LAMBERT, JJ.

Milton S. Hoffman, for appellant.

Ira B. Wheeler, for respondent.

SCOTT, J. The defendant appeals from a judgment in favor of the plaintiff. The defendant held a contract for the purchase from the Carmen estate of a tract of land near Valley Stream on Long Island. He desired to sell the land and authorized plaintiff to find a purchaser. Plaintiff did find and produce a man named Zamek who agreed to buy the property for the sum of $90,500, of which he was to pay $1,000 in cash on the execution of the contract; $14,385 in cash, which was to be deposited with a title company within four days after the signing of the contract, to be held by that company until it should be ready to approve the title, which was to be on June 18, 1906, or not more than five days thereafter, and then to be paid to defendant; and $29,615 in cash to be paid on the delivery of the deed—the balance of the purchase price to be secured by mortgages. A contract embodying these terms was entered into between Zamek and the defendant. Upon the same day plaintiff and defendant entered into a contract, which referred to the above-described contract and recited the fact that plaintiff had performed certain services for the defendant in and about the sale of the premises and otherwise, whereby defendant had become indebted to plaintiff in the sum of $14,000, which defendant agreed to pay as follows: $7,385 in cash out of the $14,-385 to be deposited with the title company and thereafter paid to the defendant, and the remaining sum of $6,615 "out of" the sum of $28,915 to be paid to defendant on the closing of the title. It is for this second installment that the plaintiff now sues.

The first objection to the judgment urged by defendant raises a question of pleading. Under the contract between plaintiff and defendant the installment now sued for was to be paid "out of" the last cash payment to defendant, and, of course, it would not become due unless and until defendant received the final payment, which thus became a condition precedent to any liability on the part of defendant to plaintiff. The complaint does not allege that defendant ever received the final payment, and the defendant now insists, as he did in the court below, that by reason of this omission the complaint failed to state a cause of action. The objection is a narrow one and is extremely technical, since the evidence in the case showed that the defendant had in fact received his final payment before this action was commenced. I think, however, that the objection was well taken, and that the insertion in the complaint of an allegation that the sum "became due" on a given date was not equivalent to the happening of the condition precedent. Tooker v. Arnoux, 76 N. Y. 397. Nor does it appear that the defect in pleading was cured by anything that took place on the trial. The defendant did not, it is true, move to dismiss the complaint at the opening of the trial; but he did persistently object to the admission of any evidence that the final payment had been made to defendant, and at the close of the plaintiff's case moved to dismiss the complaint upon the specific ground that it was defective in the particular now pointed out.

There is a more serious objection, however, to the plaintiff's recovery, which goes to the very root of his claim. At the time he negotiated the contract of sale from defendant to Zamek he was an attorney of this court and Zamek was one of his clients. Zamek was also the president of a corporation known as the Home Alliance Realty Company, of which the plaintiff was a director. It appears that the contract of purchase, although made by Zamek, was really made on behalf of the Home Alliance Realty Company, and it is certain that the deed of the property was made to that company. Whether the contract was made with Zamek, for whom he was attorney, or for the benefit of the realty company, of which he was a director, plaintiff bore to the purchaser a relation of trust and confidence which renders such a contract as he now seeks to enforce illegal and unenforceable, unless it was made with the full knowledge and consent of the purchaser, of which there is no evidence in the case. A similar contract came before this court in Goodell v. Hurlbut, 5 App. Div. 77, 38 N. Y. Supp. 749, wherein the question is thus stated and answered in the negative:

"Whether an independent contract made between the plaintiff and a third party, with whom the plaintiff is negotiating on behalf of his principal, whereby upon the execution of said contract plaintiff is individually to receive a sum of money from such third party, is a contract which the courts will enforce in an action between the agent individually and such third party."

We have recently had occasion to restate and apply this rule, which is sustained by ample authority. Auerbach v. Curie, 119 App. Div. 175, 104 N. Y. Supp. 233. This defense was properly pleaded, and the defendant sought, but unsuccessfully, to avail himself of it upon the trial. These errors require a reversal of the judgment, and render

unnecessary a scrutiny of the evidence presented upon the defense of payment.

Judgment and order reversed, and a new trial granted, with costs to appellant to abide the event. All concur.