EDMUND C. WENDT, Respondent, *v.* PAUL FISCHER et al., Appellants.

**Principal and agent — brokers — vendor and purchaser — sale of real property through brokers to corporation, of which one of the brokers was an officer and owned all stock, voidable by seller in absence of disclosure — sale may not be upheld on theory that broker's ownership of stock was nominal and profits benefited another — case not viewed as if equitable owner of shares had taken title in her own name — conflict of interest not sufficiently revealed by information that sale was made to client of office — contention that brokers acted in good faith, that terms were best obtainable at the time and that no damage resulted, no sufficient answer by trustee for breach of duty — title of corporation subject to trust and it must account for profits of resale — brokers accountable for moneys received as commission but not for profits.**

1. A sale of real property to a corporation, the president, treasurer and manager of which was a member of a firm of real estate brokers employed by the seller to find a buyer is voidable at the option of the seller, in the absence of a full and frank disclosure of the broker's relation to the purchase.

2. The sale may not be upheld on the theory that the broker's ownership of the stock was nominal and the profits of the transaction benefited another, for even so, the conflict was not reconciled between divided claims to fealty.

3. Nor may the case be viewed as if the equitable owner of the shares who supplied the corporation with the money for the purchase had taken title in her own name. She preferred for reasons sufficient to herself to vest the title in another and the courts are not at liberty to nullify her choice, and remake the transaction into something other than it was.

4. Nor was the conflict of interest sufficiently revealed when the brokers informed the plaintiff that the sale was to be made to a client of their office. Disclosure so indefinite and equivocal does not set the agent free to bargain for his own account or for the account of a corporation which acts through him alone.

5. A contention that the brokers acted in good faith, that the terms procured were the best obtainable at the moment, and that the wrong, if any, was unaccompanied by damage is no sufficient answer by a trustee forgetful of his duty. The law does not stop to inquire whether the contract or transaction was fair or unfair.

6. The corporation, in the acceptance of its title, acted through the trustee and obtained no title except one subject to a trust which was impressed on the proceeds when the property was resold. It must account, therefore, for the profits of the resale. The brokers are accountable for the moneys paid to them for commissions but are not accountable for profits in which they had no share. As to the increment of value the corporation alone is to be charged as trustee.

*Wendt* v. *Fischer*, 215 App. Div. 196, modified.

(Argued September 28, 1926; decided November 16, 1926.)

APPEAL, by permission, from an interlocutory judgment entered February 27, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment in favor of defendants, entered upon a dismissal of the complaint by the court on trial at Special Term and directing judgment in favor of plaintiff.

The following question was certified:

" Upon the facts as contained in the decision of the court at Special Term, as modified by the order of this court entered herein on the 15th day of February, 1926, did the failure and omission of the firm of brokers, Fischer, Hammond & Heinrich, to disclose to the plaintiff that the real purchaser of the plaintiff's property was the defendant Hosmer Realty Corporation and that the

defendant Edward H. Hammond was the president, treasurer and manager of said corporation constitute as a matter of law such a failure of disclosure or concealment as to amount to a breach of duty on the part of said firm under their employment as brokers by the plaintiff justifying the interlocutory judgment of this court herein? "

*I. Maurice Wormser* and *Ralph B. Ittelson* for appellants. The judgment of the Special Term was clearly correct, and the Appellate Division erred in reversing it. (*Witherton* v. *Nickerson,* 152 N. E. Rep. 707; *Hayes* v. *Hall,* 188 Mass. 510.)

*Edward K. Hanlon, Henry B. Hodge* and *William W. Wilson* for respondent. The brokers, having omitted to disclose to their principal, the plaintiff, circumstances which naturally would tend to influence their conduct adversely to the interests of their principal in dealing with the subject of their employment, thereby forfeited any right to compensation, and their conduct constituted fraud in law. (*Murray* v. *Beard,* 102 N. Y. 505; *Jacobs* v. *Beyer,* 141 App. Div. 49; *Everhart* v. *Searle,* 71 Penn. St. 256; *Reis* v. *Volck,* 151 App. Div. 613.) The brokers were required to disclose to the plaintiff that the purchaser of the property was a corporation of which one of the firm of brokers was president, treasurer and manager. (*Carr* v. *National Bank & Loan Co.,* 167 N. Y. 375; 189 U. S. 426; *Nekarda* v. *Presberger,* 123 App. Div. 418.) The fact that the brokers stated to the plaintiff that the offer for the property was made on behalf of a client of their firm, without disclosing to the plaintiff the name of said client, did not constitute a sufficient disclosure by these fiduciaries to their principal. (*Lent-Agnew Realty Co., Inc.,* v. *Frebert,* 212 App. Div. 460.) The merits of the transaction themselves or the motives of the brokers are not material. (*Morrison* v. *Ogdensburgh & Lake*

*Champlain R. R. Co.*, 52 Barb. 173; *Dutton v. Willner*, 52 N. Y. 312; *Guidetti v. Tuoti*, 102 N. Y. Supp. 499; *Carruthers v. Diefendorf*, 66 App. Div. 31; 174 N. Y. 375.) The brokers having failed to reveal the circumstances to their principal, and the vendee corporation having taken with knowledge, the brokers and the corporation must account to the plaintiff for all rents and profits received or realized. (*Carruthers v. Diefendorf*, 66 App. Div. 31; *Dutton v. Willner*, 52 N. Y. 312; *Bain v. Brown*, 56 N. Y. 285; *Waterbury v. Barry*, 145 App. Div. 773; *Garvey v. Baldino*, 189 Ill. App. 466.)

CARDOZO, J. Plaintiff, the owner of a parcel of real estate in the city of New York, employed the defendants Fischer, Hammond & Heinrich, real estate brokers, to find a buyer. He told them that he was willing to sell for $75,000, of which not less than $10,000 was to be paid in cash. They brought him an offer of $80,000, but only $7,500 cash. This offer he accepted. The contract was made and the title closed in the name of a " dummy," but the real purchaser was the defendant Hosmer Realty Corporation. The president, treasurer and manager of this corporation was the defendant Hammond, a member of the firm of brokers. He was also the record owner of the entire capital stock, though the beneficial interest was in Florence E. Pelletreau, to whom he was engaged to be married. Hammond did not inform the plaintiff that he was an officer of the Hosmer Realty Corporation, the buyer, or that he was connected with it in any way. All that he said was that the offer to buy the property had been made by a client of the firm. The truth came out a few weeks after the conveyance, when the property was resold by the Hosmer Realty Corporation for $87,500, an increase of $7,500 above the price paid to the plaintiff. This action for an accounting followed. The Special Term dismissed the complaint. The Appellate Division reversed, and certified a question for answer here.

We think the sale was voidable at the option of the seller. Hammond employed to sell was under a disability to buy without full and frank disclosure of his relation to the purchase (*Carr* v. *Nat. Bank & Loan Co.*, 167 N. Y. 375; 189 U. S. 426; *Nekarda* v. *Presberger*, 123 App. Div. 418). We are told that the sale may be upheld because his ownership of the stock was nominal and the profits of the transaction would benefit another. Even so, the conflict was not reconciled between divided claims to fealty. As broker for the seller, the duty of this fiduciary was to make the terms as favorable to his employer and the price as high as possible. As president and manager of the buyer corporation, its sole representative in the transaction, his duty was just the opposite (*Munson* v. *Syracuse, etc., R. R. Co.*, 103 N. Y. 58). We are told that the corporation is to be blotted out of the picture, and the case viewed as if the equitable owner of the shares who supplied the corporation with the money for the purchase, had taken title in her own name. The difficulty is that she preferred for reasons sufficient to herself to vest the title in another. The courts are not at liberty to nullify her choice, and remake the transaction into something other than it was. We are told that the conflict of interest was sufficiently revealed when the brokers informed the plaintiff that the sale was to be made to a client of their office. Disclosure so indefinite and equivocal does not set the agent free to bargain for his own account or for the account of a corporation which acts through him alone. If dual interests are to be served, the disclosure to be effective must lay bare the truth, without ambiguity or reservation, in all its stark significance (*Dunne* v. *English*, L. R. 18 Eq. 524; *Imperial Merc. Credit Assn.* v. *Coleman*, L. R. 6 H. L. 189). Finally we are told that the brokers acted in good faith, that the terms procured were the best obtainable at the moment, and that the wrong, if any, was unaccompanied by damage. This is no sufficient answer by a trustee forgetful of his duty. The law " does

not stop to inquire whether the contract or transaction was fair or unfair. It stops the inquiry when the relation is disclosed, and sets aside the transaction or refuses to enforce it, at the instance of the party whom the fiduciary undertook to represent, without undertaking to deal with the question of abstract justice in the particular case " (*Munson* v. *Syracuse, etc., R. R. Co., supra*, at p. 74; cf. *Dutton* v. *Willner*, 52 N. Y. 312, 319). Only by this uncompromising rigidity has the rule of undivided loyalty been maintained against disintegrating erosion.

A question remains as to the remedy available. The defendant Hosmer Realty Corporation must account for the profits of the resale (*Falk* v. *Hoffman*, 233 N. Y. 199, 201; *Hammond* v. *Pennock*, 61 N. Y. 145, 156). It got no title to the property except one that was subject to a trust, for in the acceptance of its title it was acting through the trustee and no one else (*Nat. Bank & Loan Co.* v. *Petrie*, 189 U. S. 423; *Carr* v. *Nat. Bank & Loan Co., supra*). When the property was resold, the trust was impressed upon the proceeds. The defendants Fischer, Hammond & Heinrich, the brokers, are accountable for the moneys paid to them for commissions (*Mack* v. *Latta*, 178 N. Y. 525). Commissions were not earned unless duty had been done (*Murray* v. *Beard*, 102 N. Y. 505). We think the judgment goes too far, however, in declaring the brokers to be accountable for profits. We do not need to consider what their liability would be if the plaintiff were limiting his claim of recovery to the reasonable value (*Mack* v. *Latta, supra*). That is not the theory of the action or the judgment. The plaintiff elects to charge the Hosmer Realty Corporation with the profits that have come to it as upon a sale for his account (*Hammond* v. *Pennock, supra; Ferris* v. *Van Vechten*, 73 N. Y. 113). The brokers took no part in effecting the resale, and had no share in the profits realized therefrom. The corporation resold, and collected and enjoyed the

proceeds. It, and no one else, as to this increment of value, is to be charged as a trustee.

The judgment should be modified by providing that the defendants Fischer, Hammond & Heinrich shall be accountable only for their commissions, and as modified affirmed, with costs against the defendant Hosmer Realty Corporation, and subject to the foregoing modification the question certified is answered in the affirmative.

HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur; LEHMAN, J., absent.

Judgment accordingly.