SAMUEL KUHN, Plaintiff, *v.* CERMAC REALTY Co., INC., and Others, Defendants.

Supreme Court, Queens County, July 10, 1933.

*Samuel C. Whitman,* for the plaintiff.

*Henry Lowenkron,* for the defendant Moe Werbelovsky & Son, Inc.

CUFF, J. The action is to foreclose a mortgage on real estate. The answer admits the allegations of the complaint. It raises a defense and equitable counterclaim, the substance of which is that the premises are now occupied under a lease which was made April 1, 1933; the rent will amount to a sum greater than is necessary to pay the charges of interest and taxes against the property; the defendant offered, and still offers, to assign those rents to plaintiff and promises to keep the premises in good repair and properly insured.

This defense further points out that there is a worldwide economic stagnation in the real estate mortgage lending markets and that money cannot be obtained on bond and mortgage secured by real estate. Defendant demands judgment enjoining plaintiff from proceeding and directing him to accept an assignment of the rents and extend the bond and mortgage to May 15, 1935.

In his brief defendant urges the court to take judicial notice of the economic depression through which we are passing. He cites the passage by Congress of the so-called " Federal Home Owners' Loan Act," which was signed by the President of the United States on June 13, 1933, the object of which is to relieve the very distress among home owners complained of by this defendant.

The default urged in the complaint is the non-payment of $105, interest due on November 1, 1932.

Defendant delivers himself at the door of the merciful court of equity and begs succor of that tribunal lest his possessions be taken from him because of happenings not occasioned by his hand and so engulfing that no matter what he, exerting all his powers and strength, may do the situation will be changed not at all. It is a severe test to which equity is put by this challenge and that great branch of our jurisprudence must not turn a deaf ear because of any rigid rules or precedents when justice cries for relief.

" The absence of precedent presents no obstacle to the exercise of the jurisdiction of a court of equity. The power to make precedent is not exhausted. That authority still rests in the courts. Certainly, the power of the court never depends upon the mere accident as to whether or not there is some prior adjudication on the subject. The fact that no case can be found in which relief has been granted under similar circumstances is no reason for refusing it. If that were so, not infrequently the court would find itself powerless to grant adequate relief, solely because in the dim and distant past the precise question had never arisen. Precedent is only useful in so far as it points the way in which principles have been applied. In other words, it is merely a guide, but never a bar. A court of equity should be responsive to the needs of the people for the purpose of affording remedies and protecting rights. In the administration of justice it should never hesitate to adapt itself in the application of old principles to new situations." (*Rice* v. *Van Vranken,* 132 Misc. 82, 86, 87.)

Equity, however, must be just to him who holds the bond as well as to him who is distressed because of its terms. The bondholder, too, may be in dire need for the same reasons as have financially paralyzed plaintiff.

The court knows judicially of the depression. Likewise it knows judicially that loans on real estate are not being made through agencies where formerly they were to be had, such as title, mortgage or loan companies and banks, and that no lending agencies have replaced them. The State authorities in many instances have ordered a discontinuance of loan making by the foregoing agencies.

There exists a line over which a court of equity should not pass, no matter how much it is tempted, lest it trespass upon the jurisdiction reserved for the legislative branch of the government. Only months ago the legislative representatives of the people were in session. They could have exercised what powers they had and enacted legislation to relieve this defendant and others similarly situated. Their failure to act is a direct answer to part of the appeal made by this defendant. Their silence is a command to courts of equity and law not to interfere with the obligations of contract. To permit this entire answer to stand would be to annul the rights of one party to a valid agreement. No court can require plaintiff to accept a rent assignment in lieu of his interest or make him extend the loan.

That part of the answer which refers to the assistance that the United States government is extending to home owners may furnish at least temporary relief to distressed mortgagors. That is a statutory enactment by the Federal government. Little is known

of its workings at this time. It would seem that if a defendant whose property is about to be foreclosed can bring his situation within the provisions of that act, certainly it would be rash of any court to hastily permit judgment to be entered and the equity of redemption wiped out, simply because the time necessary to perfect the arrangements required to obtain the relief is too short. The court has control of its judgments and their entry. The impending Federal relief is not pleaded in a way that raises an issue. Properly set forth in the answer, it might be the wedge by which time may be obtained for the purpose of meeting the requirements of the Federal Home Owners' Loan Act. The defense pleaded cannot be sustained. The answer must be stricken out. The motion will be granted, with leave to plead over in ten days.