## (February 18, 1938.)

JOSEPH MERCADANTE, MAPLE GARDENS, INC., and THE NAFRA COMPANY, INC., Appellants, v. EMPIRE TRUST COMPANY, Respondent.   (Appeal No. 1.)

EMPIRE TRUST COMPANY, Respondent, v. JOSEPH MERCADANTE and MARY S. MERCADANTE, Appellants.   (Appeal No. 2.)

EMPIRE TRUST COMPANY, Respondent, v. MAPLE GARDENS, INC., Appellant, Impleaded with Another, Defendant.   (Appeal No. 3.)

Appeal by the plaintiffs in Appeal No. 1 from a judgment of the Supreme Court, entered in the New York county clerk's office on April 9, 1937, upon a decision, dismissing the amended complaint upon the merits.

Appeal by the defendants in Appeal No. 2 from a judgment of the Supreme Court, entered in the New York county clerk's office on April 9, 1937, upon a decision, directing a foreclosure and sale and dismissing the counterclaim of the defendant Joseph Mercadante upon the merits.

Appeal by the defendant Maple, Gardens, Inc., in Appeal No. 3 from a judgment of the Supreme Court, entered in the New York county clerk's office on April 9, 1937, upon a decision, directing a foreclosure and sale.

Judgments affirmed, with costs. No opinion.

Present — Martin, P. J., O'Malley, Townley, Dore and Cohn, JJ.; Martin, P. J., and Cohn, J., dissent from affirmance of judgment dismissing complaint in *Mercadante* v. *Empire Trust Company*, and vote for reversal. Dissenting opinion by Cohn, J.

Cohn, J. (dissenting). In the case of *Mercadante* v. *Empire Trust Company*, the evidence is not only clear that the trust company acted as banker and agent for the plaintiff Mercadante in arranging various loans, but it is obvious that in an endeavor to avoid direct liability the bank so acted. Because of the fiduciary relationship thus created it was under a duty to make full and accurate disclosure of its interest and the extent of its participation in all the transactions. (*Marvin* v. *Brooks*, 94 N. Y. 71, 75; *Dutton* v. *Willner*, 52 id. 312, 318; *Fisher* v. *Bishop*, 108 id. 25, 28; *Insurance Co. of North America* v. *Whitlock, No. 2*, 216 App. Div. 78, 86.) The trial court stated in its opinion that "the Empire Trust Co., in addition to its institutional obligations, assumed the additional responsibility of acting as Mercadante's and Nafra's agent with relation to the McAleenan, Osterman and Homestead loans," and added that "From every angle, the relationship existing between the parties required a full and ingenuous revelation of all decisive facts on the part of the Empire Trust Co., and only after such disclosure could it [the trust company] attempt to profit by these transactions." The important fact is that such disclosure was not made prior to the consummation of the settlement agreement of February 23, 1928. Mercadante claimed that the sum of $207,239.67 represented the aggregate amount of commissions, bonuses and illegal interest (plus accrued interest) he had been compelled to pay in order to secure the loans involved. He did not know, nor did the trust company divulge, the facts as to the extent of defendant's participation in these extra charges. At all times it contended that the loans were being made by a third party and not by the bank. It is true that Mercadante suspected and charged that the bank or some of its officials had participated. Yet he was at no time informed of what he learned at the commencement of this action and of what he afterwards discovered upon an examination of defendant's books, namely, that for the most part, the illegal proceeds were accepted and retained, not by the outside lenders, but by the trust company. These facts were only brought to light long after the consummation of the settlement agreement. In the circumstances, failure to make disclosure rendered ineffective the settlement agreement and the release. (*Maas* v. *Lonstorf*, 194 Fed. 577, 587; *Irving Trust Co.* v. *Deutsch*, 73 F. [2d] 121; *Barrow* v. *Rhinelander*, 1 Johns. Ch. 550, 556.) " If dual interests are to be served, the disclosure to be effective must lay bare the truth, without ambiguity or reservation, in all its stark significance." (*Wendt* v. *Fischer*, 243 N. Y. 439, at p. 443, opinion by Chief Judge Cardozo.)

Defendant urges that, upon the adjustment of its affairs with plaintiff on February 23, 1928, it paid in full Mercadante's claim of $207,239.67. Defendant's testimony as to how this money was repaid finds substantial support in the evidence and may be assumed as correct. The figure of $195,000 which forms the basis of the written agreement of settlement, it may also be assumed, was arrived at by the calculations testified to by defendant's witnesses. However, under the terms of the settlement agreement, $70,217 of Mercadante's claim was paid back to him by requiring Mercadante to make an allowance to the trust company for this sum as a commission of ten per cent upon total loans of $702,170. Defendant asserts that Mercadante had consented to credit this commission to the trust company at the time of the compromise because "it was agreed" he could not have financed loans on jewelry, on realty, or on purchase-money mortgages at a six per cent rate. The commission, it is to be noted, was a charge exacted in addition to payment of six per cent interest which had already been paid on all these loans. Though the apparent purpose of the compromise of February 23, 1928, was to satisfy in full Mercadante's claim for illegal charges paid by him ostensibly to outside lenders but in reality in largest part obtained and retained by the trust company, yet over $70,000 of this claim was "settled" by compelling payment of another illegal commission, payment of which was prohibited by statute (formerly section 114, now section 108, of the Banking Law).

If defendant had fully and frankly divulged to Mercadante what the records of the Empire Trust Company now reveal, namely, its exact and actual participation in the illegal charges, plaintiff would certainly have been entitled to recover and should have been repaid in full all such illegal charges without deduction or cancellation by way of another illegal charge of $70,217. By failure on the part of the trust company to disclose, it was in a position, during the negotiations of settlement, to bargain with plaintiff for a new allowance to it of commissions of $70,217 on the aggregate amount of loans. Empire Trust Company is accountable to Mercadante for this commission of $70,217 exacted at the time of the settlement following its failure to make full disclosure of its actual and precise participation in the illegal charges. In addition to the amounts already allowed him upon the settlement, plaintiff is entitled to recover the sum of $70,217 with interest from the date of the settlement less any sums which the trust company did not receive by way of commissions or other charges, as interest retained by McAleenan.

The judgment in the first cause of action should accordingly be reversed and an accounting should be had before an official referee, upon which plaintiff should receive, in addition to the amounts already allowed him, the aforesaid sum of $70,217 with interest from February 23, 1928, less such portion of the improper charges which were paid to outside lenders. The judgments in the second and third causes of action, in which Empire Trust Company is plaintiff, should be affirmed.

Martin, P. J., concurs.