In the Matter of the Final Judicial Settlement of the Account of Proceedings of FREDERICK B. HUFNAGEL and EDWARD H. HUFNAGEL, as Trustees under the Last Will and Testament of MARIE C. HUFNAGEL, Deceased. FREDERICK B. HUFNAGEL and EDWARD H. HUFNAGEL, Trustees, etc., of MARIE C. HUFNAGEL, Deceased, Respondents; JOHN ROGERS, Appellant.— Decree of the Surrogate's Court, Westchester County, settling respondents' final account as trustees and dismissing appellant's objections, modified so as to surcharge the trustees with $300, which represents the purchase price of three $100 participating mortgage certificates, with interest from the date of the purchase of the certificates, less the income therefrom which has been paid to the beneficiaries. As so modified, the decree is unanimously affirmed, without costs, and the matter remitted to the Surrogate's Court of Westchester County for the entry of a decree accordingly. In our opinion the trustees had no right to invest trust funds in mortgage participating certificates issued by a corporation of which one of the trustees was the president and a director. (*Wendt* v. *Fischer*, 243 N. Y. 439; *Munson* v. *S., G. & C. R. R. Co.*, 103 id. 58.) Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ.

In the Matter of the Petition of HERBERT HARZ and FREDERICK J. HEIDENREICH to Prove the Last Will and Testament of IDA K. KRAFT, Late of the County of Kings, Deceased. HERBERT HARZ and FREDERICK J. HEIDENREICH, Named in the Last Will and Testament of IDA K. KRAFT as Executors and Trustees, Appellants; EDWIN F. KRAFT, as Administrator, etc., of FREDERICK N. KRAFT, Deceased, and FRANKLIN M. TOMLIN, as Special Guardian of Unknown Heirs of FREDERICK N. KRAFT, Deceased, Respondents.— Decree of the Surrogate's Court, Kings County, denying admission to probate of a paper writing dated July 25, 1938, as the last will and testament of the decedent on the ground that the testatrix lacked testamentary capacity, reversed on the law and the facts, with costs to appellants payable out of the estate, and the matter remitted to the Surrogate's Court for the entry of a decree admitting such paper to probate as the last will and testament of the decedent. Findings reversed. Much of the evidence is undisputed, and, in so far as it is contradictory, we find that it is overwhelmingly in favor of the fact that the testatrix had the capacity to and did understand the effect of the will and that the will represents her true desire in the disposition of her property. Lazansky, P. J., Carswell, Adel and Taylor, JJ., concur; Hagarty, J., concurs for reversal of the decree but dissents from admitting the will to probate and votes to grant a new trial.

DAISY LASHLEY, as Administratrix of CAROLINE JENKINS, Deceased, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— In an action for damages for death by wrongful act, neglect or default, defendant appeals from a judgment in favor of plaintiff entered on a jury verdict. Judgment unanimously affirmed, with costs. Plaintiff made out a *prima facie* case, but, aside from that, the testimony of the motorman warranted a finding of negligence on the part of the defendant and took to the jury the question of contributory negligence by the decedent. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.