JESSIE MARCELLUS, Appellant, *v.* FIRST TRUST & DEPOSIT COMPANY, Respondent.

Fourth Department, July 1, 1942.

*Estabrook, Estabrook & Harding* [*William H. Harding* and *Charles H. Comstock* of counsel], for the appellant.

*Hiscock, Cowie, Bruce & Lee* [*H. Duane Bruce* and *Henry H. Bruce* of counsel], for the respondent.

PER CURIAM. On December 30, 1930, the plaintiff delivered to the defendant the sum of $17,000, to be held by it in trust, the income therefrom to be paid to plaintiff. The parties entered into a written trust agreement in which the right was reserved to the plaintiff to terminate the trust whenever she desired and " to demand and receive the whole or any part of the principal at any time."

Under date of September 3, 1929, the defendant took a mortgage for $8,000 from R. W. Pohl, Inc. This mortgage was thereafter referred to as the Sebold mortgage. The defendant held this mortgage until January 6, 1931, when it sold it to plaintiff's trust estate.

In selling its own property to the trust estate the trustee was guilty of a breach of trust. (Restatement, Law of Trusts, § 170 [comment h].) The defendant is chargeable with the amount of money paid by the trust estate for the property. (Restatement, Law of Trusts, § 210, subd. [1], ¶ [a].) Such transaction may be set aside by the court. (*Wendt* v. *Fischer*, 243 N. Y. 439, 444.)

In January, 1933, the plaintiff called upon the trust officer of the defendant and asked to be allowed to withdraw some of the principal of her trust fund, as she has the right to do under the trust agreement. The trust officer told her that there was not any uninvested principal which could be drawn out and that the only feasible plan was for the bank to repurchase the whole Sebold mortgage and then resell to the trust estate a portion of the mortgage in the form of participating certificates. The bank did take over the Sebold mortgage on which there was then due the principal sum of $8,000, and on February 1, 1933, transferred to the trust estate two participating certificates in such mortgage, one for $3,000 and one for $4,000. The bank at such time did not make an appraisal of the real property covered by the mortgage. The trust officer of the defendant did not reveal to the plaintiff the fact that the Sebold mortgage was owned by the bank when it was transferred to the trust estate, and the plaintiff did not know that it was the property of the bank. The plaintiff was not told that she had the right to withdraw the whole amount of the Sebold mortgage and that she was not required to thereafter invest any of such amount in participating certificates of such mortgage, but on the contrary the trust officer of defendant led the plaintiff to believe that her money could not be withdrawn from the investment in the Sebold mortgage except with the consent of the defendant, and that the defendant would consent thereto only in case the plaintiff agreed to reinvest a portion of such money in the Sebold mortgage.

Under the circumstances, the defendant was bound to reveal to the plaintiff all of the facts in connection with this investment and to inform her that the mortgage at the time of its transfer to the trust estate was the property of the defendant. All of the material facts should have been made known to her and none of them should have been concealed or disguised. (*Wendt* v. *Fischer, supra,* p. 443.) Furthermore, these participating certificates were sold to the trust estate in the midst of the depression. The court will take judicial notice of business conditions at that time (*Dayton P. & L. Co.* v. *Public Utilities Comm.,* 292 U. S. 290, 311); also of the fact that the securities market kept declining from October 10, 1929, up to and including 1933 and that at times securities could not be sold at any price (*Matter of McCafferty,* 147 Misc. 179, 204); and also that in 1933 there was no market for loans on real estate. (*Kuhn* v. *Cermac Realty Co., Inc.,* 148 Misc. 324, 326.)

In view of the effects of the depression the defendant certainly knew when it transferred the participating certificates to the trust estate that it would not be able to return plaintiff's principal to her within a reasonable time after demand therefor, as required by the terms of the trust agreement entered into by the plaintiff and the defendant.

Therefore, the defendant should be charged with $7,000, the amount invested in such participating certificates, with interest thereon from January 1, 1937, and the judgment appealed from should be reversed upon the law and the facts, with costs, and judgment granted in favor of the plaintiff for such amount, with costs; and the account filed by defendant should be settled and approved, except as to the Sebold mortgage, and as to that it should be disapproved.

Certain findings of fact and conclusions of law are disapproved and reversed and new findings made.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and HARRIS, JJ.

Judgment reversed on the law and facts, with costs, and judgment directed to be entered in accordance with the opinion. Certain findings of fact and conclusions of law disapproved and reversed and new findings made.