In this proceeding for reorganization of a certificated mortgage on real property (L. 1935, eh. 19), the trustee made application to the court for judicial settlement of his final account, and for allowances to himself and his attorneys. Certain certificate holders filed objection to any allowances to the attorneys on the ground that the latter had, for their own account, purchased certificates from other certificate holders after entering upon their duties as attorneys for the trustee, and had received distributions, by virtue of their acquired holdings, the aggregate of which distributions were greater in amount than the aggregate price paid by them for these shares. The attorneys purchased shares in the open market, through brokers, without knowledge of the identity of the actual sellers, and it is not claimed that any actual fraud was perpetrated. The trustee’s application was referred to an Official Referee for hearing and report. The Referee has reported, and the report has been approved by the Special Term by the order presently under review, which, amongst other things, is to the effect that the attorneys for the trustee are directed to surrender their interests in the certificates in question to the trustee and pay over to the latter all profits received by them on such certificates; and that all other questions pertaining- to the account and allowances be held in abeyance until compliance with the stated directions. The appeal is by the attorneys and the trustee. Appellants Herrick, Feinstein and Rossman, by reason of their status as attorneys for the trustee, were no less fiduciaries than was the trustee himself. Although they have indulged in no self-dealing and have not acquired interests or claims hostile to the trust or beneficiaries, who are the certificate holders, the validity of their transactions with the beneficiaries depends upon whether they made full disclosure to the beneficiaries with whom they were dealing of all facts and circumstances which might bear upon the value of the certificates, and took no advantage of their position, and whether the transactions were in all respects- fair and reasonable and for an adequate price. (See 2 Scott on Trusts, §§ 170.21,170.25; Bogert on Trusts and Trustees, Vol. 3, Part 1, § 493; Vol. 1, § 188.) We do not agree with the learned Official Referee and the learned Special Term Justice that, assuming these attorneys should not be permitted to retain these profits, such profits should be turned over to the trustee for the benefit of the objectants and other remaining certificate holders, none of whom are the persons from whom the attorneys acquired their certificates. Neither the trust estate nor the present holders of certificates suffered any damage or change in position by reason o£ the transfer of the certificates to these attorneys. (See Donnelly v. Con *1133 solidated Inv. Trust, 99 F. 2d 185; Victor v. Hillebrecht, 405 111. 264, certiorari denied 339 U. S. 980.) However, upon the record before us we are not satisfied that the appellant attorneys satisfied the above-stated rule requiring full disclosure, and fair and reasonable dealing with the particular certificate holders from whom they made their purchases. Those former certificate holders have not been made parties to the present application, and their identity is now known to appellants. They should be brought in as parties, and given full notice of the possibility of their ownership of claims against appellant attorneys, and reasonable opportunity to assert such claims, if any. It may be that such appellants can ultimately establish the validity of their purchases, as against any claims which may be thus asserted, but, as officers of the court, as well as fiduciaries in this proceeding, it is incumbent upon them to give these former certificate holders notice and opportunity to present their claims, if the latter be so advised. The order under review should be modified in accordance with the foregoing views and, as so modified, affirmed, without costs. Nolan, P. J., Sneed, Wenzel and MaeCrate, JJ., concur; Carswell, J., dissents and votes to affirm, with the following memorandum: The misconduct here was by persons acting in a fiduciary capacity. Such misconduct is a wrong not only to the specific certificate holders from whom such fiduciaries purchased the certificates, but to all the certificate holders. (Wendt v. Fischer, 243 N. Y. 439, 444; Meinhard v. Salmon, 249 N. Y. 458, 464.) Settle order on five days' notice. [199 Misc. 108.] [See 278 App. Div. 768, 776.]