Desmond, J. (dissenting).
This record, as I read it, proves beyond dispute that Auspitzer breached a fiduciary duty to Gerard and the Daly estate by failing to disclose that he was to receive from defendant United States Steel Corporation for his Schloetter stock a price per share much higher than Gerard and the Daly estate were to get. Up to the time of the final purchase by United States Steel Corporation of these three blocks of stock, Auspitzer continued to act for and advise the two other stockholders, all the while concealing his agreement to sell his shares at a far higher price. The findings below that Auspitzer stood in no fiduciary or confidential relationship to the other Schloetter stockholders are contrary to the facts and wrong as matter of law. He owed the other two stockholders (not as such but because he was their trusted agent) the same duty as would a broker, that is, to get as high a price as possible and in this connection to make full disclosure of his own activities and relationships (Wendt v. Fischer, 243 N. Y. 439, 443; Byrne v. Barrett, 268 N. Y. 199, 207). As to the liability of defendant United States Steel Corporation, it is a necessary conclusion of fact on this record that this defendant knew of Auspitzer’s relationship to his fellow stockholders and of his concealment of his own sale and of the terms thereof. Therefore, this defendant, also, is liable for the breach of fiduciary duty.
The judgment should be reversed, with costs in all courts, and the action remitted to Special Term for further proceedings in accordance with this opinion.
Judgment affirmed.