Joseph A. Cox, S.
The principal of the trust here accounted for consists of 8,566 shares of the 6% preferred stock of W. R. Grace & Co. In 1952, 40,000 shares of such preferred stock were outstanding. Other subordinate classes of preferred stock also were outstanding at that date as were 2,610,000 shares of common stock of the company. At a meeting of shareholders in 1952 it was voted to increase the voting power of the common stock so as to grant one vote for each 40 common shares instead of one vote for each 900 common shares. Prior to this change the preferred stock had voting control of the corporation but, as a result of the 1952 meeting, the common shares acquired voting control and the class of preferred stock held in the trust was reduced from a majority position to a minority position.
The then trustees voted for such change. Each of such trustees was a common shareholder and, by reason,.sqf such holdings combined with holdings which the trustees and others controlled in various fiduciary capacities, the trustees were in a most influential position in the corporation. They also were officers and directors of the corporation.
On April 21,1961 the account of the trustees of this trust for a period from the trust’s inception in 1904 to December 16, 1960 was settled by a decree of this court. Prior to such accounting two of the trustees who had acted in 1952 died. The representatives of the estate of the deceased trustees did not join in the petition to account and neither did Michael P. Grace II, one of the trustees. The 1961 decree purports to discharge all of the accounting trustees, the estates of the deceased trustees and Michael P. Grace II.
The present account is rendered by two of the trustees who were acting in 1952 and two successor trustees. Michael P. Grace II, a trustee who has not joined in the account, has filed four objections to it. These objections are filed by Michael P. Grace II individually and as executor of the estate of Joseph P. Grace. Three of these objections attack the acts of the trustees in voting the trust stock at the 1952 meeting of shareholders. The accounting trustees move to dismiss these three objections as sham, frivolous and insufficient in law, ‘ ‘ that they relate to proceedings not included in the account before the court ”, that the issues have been determined by the 1961 decree and that objectant is foreclosed by estoppel and loches. The motion is not addressed to objections of two special guardians which also challenge the acts of the trustees with regard to the diminution of the voting power of the trust stock.
It is not claimed by the trustees that the alteration of the voting power of the stock was disclosed in the account which *216 was settled by the 1961 decree but the trustees assert that the object ant was fully aware of all the relevant facts from 1952 on. This obviously is true but such fact is relevant only as to the defense of estoppel and loches and not as to the defense of res judicata. The latter plea requires that the prior adjudication be within the issues made and intended to be submitted in the prior proceeding, whether a particular issue was actually litigated or, although not expressly determined, was comprehended and involved in the ultimate determination made (Pray v. Hegeman, 98 N. Y. 351; Rudd v. Cornell, 171 N, Y. 114). It cannot be said upon this motion that either an issue as to the change in the voting status of the trust stock was embraced in the prior accounting proceeding (Matter of Hubbell, 302 N. Y. 246) or the facts permitting the raising of such an issue were contained in the prior account (Matter of Ryan, 291 N. Y. 376, 413 et seq.).
The decisions of the highest court of this State have applied the most rigorous standard of conduct to a trustee who is in a position to act in his own interest and the test is not whether a trustee has actually obtained a personal benefit. The mandate of the decisions is that a trustee is not permitted to place himself in a position in which he may serve any interest other than the trust estate. In City Bank Farmers Trust Co. v. Cannon (291 N. Y. 125, 131-132) the court said: “The standard of loyalty in trust relations does not permit a trustee to create or to occupy a position in which he has interests to serve other than the interest of the trust estate. Undivided loyalty is the supreme test, unlimited and unconfined by the bounds of classified transactions. (Meinhard v. Salmon, 249 N. Y. 458, 464.) * * * when the trustee has a selfish interest which may be served, the law does not stop to inquire whether the trustee’s action or failure to act has been unfairly influenced. It stops the inquiry when the relation is disclosed and sets aside the transaction or refuses to enforce it, and in a proper case, surcharges the trustee as for an unauthorized investment. It is only by rigid adherence to these principles that all temptation can be removed from one acting as a fiduciary to serve his own interest when in conflict with the obligations of his trust. (Dutton v. Willner, 52 N. Y. 312, 318; Munson v. Syracuse G. & C. R. R. Co., 103 N. Y. 58, 74; Meinhard v. Salmon, supra; Wendt v. Fischer, 243 N. Y. 439, 444.) The rule is designed to obliterate all divided loyalties which may creep into a fiduciary relationship and utterly to destroy their effect by making voidable any transactions in which they appear. ’ ’
*217 The testator’s selection of trustees from, among the officers and directors of the corporation in which his estate was invested and his probable knowledge of their holdings in the corporation are indications that, in his opinion, such facts would not in themselves place the trustees in a position of divided loyalties so long as the trustees, as individuals and as fiduciaries, had the common objective of furthering the corporate aims. However it cannot be said that the testator contemplated the situation that arose regarding the change in the voting power of the corporate stock and that he intended his trustees in such a matter to act without prior notice to the trust beneficiaries (cf. Matter of Durston, 297 N. Y. 64).
Although City Bank Farmers Trust Co. v. Cannon (supra) reiterated the standard applicable to a trustee finding itself in a position of divided loyalties the ultimate decision was one of exoneration upon the fact that the trust settlor had approved the action of the trustee and such approval was an effective estoppel not only against her objections but also against an objection by the recipients of her bounty. The unchallenged facts in the instant case are that the objectant, as an individual shareholder, was apprised of the proposed corporate action, as a trustee, he acquiesced in the vote to alter the voting status of the trust stock, as an individual and in the fiduciary capacity in which he now pleads, he was represented by an attorney at the time of the preparation of the earlier account of this trust and both he and his attorney had extended discussions with the other trustees and their attorney. A further important fact is that, upon the issues raised by his objections, the objectant has been quiescent for these many years.
The objectant was appointed an executor of the Joseph P. Grace estate in 1950. The conclusion is that the objectant, in the role which he now assumes as such executor, not only was aware of the matters as to which he complains but a participant in the conduct which he criticizes. It is not the objectant’s privilege to alter his legal position by changing his cloak and he cannot be heard to say that he cast a vote as a trustee and not as an executor. The basic principle upon which his objections are purportedly founded is that a fiduciary cannot move from one function to another, but at all times, acts in all of his capacities. A trustee who also is a bank officer owes a loyalty in each position (City Bank Farmers Trust Co. v. Cannon, supra; Matter of Durston, supra). So here the knowledge which the objectant acquired as a shareholder and a trustee was knowledge which he possessed as executor of the Joseph P. Grace estate. This does not me'an that the beneficiaries of that estate are with *218 out recourse, for the ohjectant must bear the consequences of his conduct, but this responsibility cannot be shifted to the trustees who are here accounting.
The objections to which the motion is addressed are dismissed. The movants also ask that a notice to admit be vacated upon the ground that such notice relates solely to the issues attempted to be raised by the challenged objections. In view of the dismissal of the objections this additional relief also is granted.