GEORGE W. ERLAND, Respondent, v. GRANVILLE GIBBONS, Appellant.

First Department, February 23, 1917.

Principal and agent — action by real estate broker for commissions upon exchange of properties — defense — concealment of secret agreement for commissions from other party.

Where a real estate broker advises his principal as to the desirability of a sale or exchange and takes an active part in the negotiations he cannot recover his commissions if it appears that without his principal's knowledge he has an agreement for a commission from the other party to the negotiations.

Thus, a real estate broker who, being engaged by an owner of city property to exchange the same for a farm, takes an active part in the negotiations and urges upon his client the desirability of making the change, cannot recover his commission where he admits that he had a secret agreement, which he had concealed from his client, whereby he was to also receive a commission from the owner of the farm.

APPEAL by the defendant, Granville Gibbons, from a determination of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 26th day of June, 1916, reversing a judgment of the Municipal Court of the City of New York, fifth district, borough of Manhattan, in defendant's favor, and granting plaintiff a new trial.

*Marshall S. Marden,* for the appellant.

*Fred G. De Witt,* for the respondent.

SCOTT, J.:

The action is by a real estate broker against a client for commissions claimed to have been earned for effecting an agreement for an exchange of real estate.

Defendant employed plaintiff as a broker to sell certain houses and lots in the city of New York, or to procure an exchange thereof for a farm. Plaintiff found a person who owned a farm at Austerlitz, N. Y., and an agreement was made between the respective owners of the city and country properties for an exchange. The only defense which it is nec-

essary to consider is that based upon the fact that plaintiff had a secret agreement, concealed from defendant, whereby he was to receive a commission from the owner of the farm, as well as from defendant. That he had such a secret agreement is admitted, but it is the plaintiff's contention, in which he has been upheld by the Appellate Term, that the fact of such an agreement did not preclude a recovery of commissions from the present defendant. The Appellate Term rested its decision upon *Knauss* v. *Krueger Brewing Company* (142 N. Y. 70). In that case the evidence showed that the broker was employed solely to bring the parties together, having nothing to do with the negotiations between them and neither assuming or being requested to advise as to the desirability of the purchase or the terms of sale. In that very case the court said: "In regard to the subject of the double employment, if it be of a nature where by possibility the interests of the parties may be diverse, we agree that it cannot be upheld if concealed from knowledge" (p. 77). On the other hand, the authorities are numerous and unanimous to the effect that where a broker advises his principal as to the desirability of a sale or exchange and takes an active part in the negotiations he cannot recover his commissions if it appears that without his principal's knowledge he has an agreement for a commission from the other party to the negotiations. (*Carman* v. *Beach*, 63 N. Y. 97; *Jacobs* v. *Beyer*, 141 App. Div. 49; *Dickinson* v. *Tysen*, 209 N. Y. 395, 400.)

In the present case the concealment from defendant of the agreement for a commission from the owner of the farm is distinctly admitted by plaintiff. He swears that he did not communicate the fact to defendant "because I did not think it was anybody's business." As to the relation of adviser which he assumed towards defendant the evidence leaves no doubt. The defendant, whom the trial court believed, swears most positively that plaintiff not only advised him to take the farm in exchange for his lots, but strongly urged him to do so, and the plaintiff himself testified that his agreement with defendant was that he should get a place for the latter and "advise him whether I thought it was good or bad," and again he says: "Mr. Gibbons asked me what I thought of the place and I told

Second Department, February, 1917.        [Vol. 176.

him I thought it was all right." Indeed the whole testimony as to the actual transaction shows very clearly that plaintiff did not content himself with introducing the parties and leaving them to negotiate between themselves, but actively and rather insistently urged upon the defendant the desirability of making the proposed exchange. Under these circumstances he cannot recover a brokerage.

The determination of the Appellate Term is reversed and the judgment of the Municipal Court affirmed, with costs and disbursements to appellant in this court and the Appellate Term.

CLARKE, P. J., PAGE, DAVIS and SHEARN, JJ., concurred.

Determination reversed, and judgment of Municipal Court affirmed, with costs to appellant in this court and the Appellate Term.