(May 7, 1990)

■ Douglas Holly, Inc., Doing Business as Holly Real Estate, Respondent, v Lois Rice et al., Appellants.—In an action to recover a commission under a brokerage agreement, the defendants appeal from a judgment of the Supreme Court, Putnam County (Dickinson, J.), entered October 14, 1988, which, upon denying their motion for summary judgment and granting the plaintiff's cross motion for summary judgment in an order of the same court dated September 27, 1988, is in favor of the plaintiff and against the defendant in the principal sum of $7,150. The defendants' notice of appeal from the order dated September 27, 1988, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

Although the general rule is that an appeal taken from an order which is followed by an entry of final judgment in the same action must fall and review may only be had upon appeal from the final judgment, we have, in the interest of justice, deemed the notice of appeal from the order to be a notice of appeal from the subsequent judgment *(see, Hollander v Cayton,* 145 AD2d 605; *Men's World Outlet v Estate of Steinberg,* 101 AD2d 854).

The plaintiff, a real estate broker, entered into an exclusive brokerage agreement with the defendant owners of realty, after having shown the property to a prospective purchaser, and without disclosing to the owners the existence of a prior business relationship with the purchaser. After the sale was consummated, the sellers refused to pay commissions to the broker, claiming that he had violated his fiduciary duty to the

sellers, his principals. It is clear that a broker, as agent for an owner, owes a duty of good faith and loyalty to his principal *(Matter of Goldstein v Department of State, Div. of Licensing Servs.,* 144 AD2d 463; *Matter of Grand Realty v Cuomo,* 58 AD2d 251), and it has been held that a broker who secretly represents both parties to a transaction cannot recover compensation from the party kept in ignorance of the dual employment *(Procidano v Mautner,* 70 Misc 2d 891, citing *Erland v Gibbons,* 176 App Div 552). While a factual issue exists as to the broker's violation of his duty to the sellers, the sellers have failed to claim any damage resulting from the broker's alleged breach of duty. Since the sellers were not prejudiced by the alleged conflict of interest, we affirm the judgment in the broker's favor. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.