■ CHARLES D. YELLOT, Appellant, v HEWMAN PORITZKY et al., Respondents.—In an action to recover damages based, *inter alia,* on fraud and conspiracy, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Gurahian, J.), dated March 27, 1989, which, upon granting the defendants' motion pursuant to CPLR 4401 for judgment during trial, dismissed the complaint at the close of the plaintiff's evidence.

Ordered that the judgment is affirmed, with costs.

The record supports the Supreme Court's holding that the evidence adduced at trial was insufficient to make out a prima facie case of fraud, self-dealing and conspiracy against the

defendant-broker and his partner, the codefendant Michael Palmietto. Viewing the evidence in a light most favorable to the plaintiff *(see, Cruz v New York City Tr. Auth.,* 136 AD2d 196, 198), the record discloses that the defendant-broker, with whom the plaintiff had listed his property for sale, fully disclosed his intention to purchase the premises for his own account, and paid a price which, the relevant evidence establishes, was both fair and reasonable. Contrary to the plaintiff's contentions, the defendant-broker's undisclosed purchase of an unrelated, contiguous parcel in which the plaintiff had no interest does not, under the circumstances, constitute a breach of the defendant's fiduciary duty as a broker *(see, Matter of Grant Realty v Cuomo,* 58 AD2d 251, 255; *see also, Matter of Goldstein v Department of State,* 144 AD2d 463, 464; Real Property Law § 441-c; 19 NYCRR 175.4). The defendant-broker's purchase of the unrelated parcel, which was available for purchase by any party including the plaintiff, does not establish the breach of a fiduciary duty merely because the purchase of his client's property may have facilitated the profitable development of both parcels together.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Kooper, J. P., Sullivan, Miller and O'Brien, JJ., concur.