■ BAST HATFIELD, INC., et al., Respondents, v GENERAL ELECTRIC COMPANY, on Behalf of KNOLLS ATOMIC POWER LABO-

RATORY, Appellant. [646 NYS2d 210] —Crew III, J. Appeal from that part of an order of the Supreme Court (Teresi, J.), entered July 26, 1995 in Albany County, which, *inter alia*, denied defendant's motion for summary judgment dismissing the complaint.

On November 1, 1990, plaintiff Bast Hatfield, Inc. and defendant entered into a contract for the removal of subsurface fuel oil tanks on defendant's property. Thereafter, Bast subcontracted the work to be performed to plaintiff Kleen Resources, Inc. Notably, the subcontract provided that Kleen was bound to Bast in the same manner in which Bast was bound to defendant.

In the course of performing its subcontract, Kleen brought a tanker truck to defendant's facility in order to remove water used to clean the fuel tanks prior to excavation. After water pumped from several tanks into the tanker truck was sampled, defendant became concerned that such water constituted a hazardous waste, thereby exposing it to potential liability if the water was transferred off its site without proper permits, which neither it nor Kleen possessed. Accordingly, defendant refused to release the tanker to Kleen until the problem was resolved. After being informed by a representative of the Environmental Protection Agency that the mixture contained in the tanks did not constitute a hazardous waste, defendant released the tanker to Kleen in November 1991.

As a result, on January 2, 1992, April 9, 1992 and May 29, 1992, Bast submitted claims to defendant for damages sustained as a result of the delays in performing the tank removal contract. In March 1992 and August 1992, contract amendments were executed whereby Bast was provided with additional compensation for, *inter alia*, costs incurred by delays. Each amendment contained language that precluded additional claims for damages arising out of delay or disruption. Upon defendant's refusal to pay the claims submitted in January, April and May 1992, plaintiffs commenced the instant action. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, and this appeal ensued.

The amendments, executed March 6, 1992 and August 8, 1992, each contained the following provisions:

"Except as specifically amended herein, all terms and conditions of the original order as amended to date, are to remain in force and effect and Seller agrees that the order, as modified to date, includes all adjustments to which the Seller is entitled, *including but not limited to adjustments arising out of delays*

*or disruption, or both, as full and complete consideration for Seller to perform the work contained herein.*

"Seller agrees that the scope of work required is understood by the Seller; that there are no informal commitments between the Seller and the Buyer or between the Seller and the Government that in any way affect the work under this Order; *that there are no open or unresolved issues related to the Order except as explicitly stated herein; and that Seller therefore understands and agrees that this Purchase Order states the complete agreement of the parties"* (emphasis supplied).

Defendant contends that, pursuant to the above-quoted language, Bast agreed that all adjustments to which it was entitled were included in each amendment and plaintiffs, therefore, are precluded from seeking any other damages that occurred as the result of the delays occasioned by defendant's refusal to release the tanker truck. We agree. The aforesaid amendments are complete, clear and unambiguous on their face and should be enforced against plaintiffs (*see, e.g., SSC Corp. v Town of Brookhaven*, 225 AD2d 535, 537). That being the case, the evidence submitted by defendant on its motion satisfied its burden of demonstrating its prima facie entitlement to summary judgment (*see, e.g., Posh Pillows v Hawes*, 138 AD2d 472).

In opposition to the motion, plaintiffs rely upon a letter dated October 16, 1991 from defendant, as well as alleged oral assurances from defendant's representatives, affirming their right to recoup costs incurred as a result of the retention of the tanker truck. Such matters concern extrinsic evidence, which is not cognizable in cases such as this where the contract is clear and unambiguous. As stated by the Court of Appeals, "when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms. Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" (*W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162). To the extent that plaintiffs seek to create an ambiguity by reference to the October 16, 1991 letter, it is clear that extrinsic evidence cannot be used to create an ambiguity in what is otherwise an unambiguous contract (*see, Padovano v Vivian*, 217 AD2d 868, 869).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's motion for summary judgment; motion granted, summary judg-

ment awarded to defendant and complaint dismissed; and, as so modified, affirmed.