■ REISER, INC., Respondent, v ROBERTS REAL ESTATE, Appellant. [739 NYS2d 753] —Spain, J. Appeal from an order of the Supreme Court (Canfield, J.), entered April 4, 2001 in Rensselaer County, which denied defendant's motion for, inter alia, summary judgment dismissing the complaint.

Plaintiff, a real estate development corporation and owner of a subdivision known as Stone Ends East in the Town of Brunswick, Rensselaer County, entered into a listing agreement (hereinafter the subdivision listing agreement) with defendant,

a real estate brokerage corporation, for defendant to market and sell six building lots in the subdivision with houses to be constructed thereon by plaintiff. By a separate listing agreement (hereinafter the residence listing agreement), defendant also agreed to act as plaintiff's broker in the sale of the residence of plaintiff's principals, Henry Reiser and Elizabeth Reiser. Both listing agreements were exclusive, extended for a term of one year and provided for a broker's commission to be paid to defendant and any cooperating broker.

It is undisputed that defendant procured purchasers for the Reiser residence and two of the six subdivision lots. In each case, plaintiff entered into a contract of sale which specifically acknowledged that defendant brought about the sale. All three transactions culminated in the transfer of title. Plaintiff did not pay defendant the commissions contemplated by the listing agreements but, instead, commenced the instant action claiming misrepresentation, breach of contract and breach of fiduciary duty and seeking, respectively, rescission, damages and forfeiture of commissions. Defendant counterclaimed for breach of contract and moved for summary judgment, seeking dismissal of plaintiff's complaint and claiming entitlement, as a matter of law, to payment of the commissions. Supreme Court denied defendant's motion and defendant now appeals.

Plaintiff's first cause of action seeks rescission of the listing agreements based on defendant's alleged false representations and promises, arguably stating a claim for fraud in the inducement. In the complaint, however, plaintiff inappropriately characterizes defendant's alleged breach of the listing agreements as a ground for rescission. Nevertheless, defendant moved for summary judgment and not dismissal based on claims addressed to the sufficiency of the complaint and, thus, even if plaintiff has failed to state a cause of action, defendant is not entitled to summary judgment if plaintiff's submissions provide evidentiary facts making out a cause of action (see, Mega Group v Halton, 290 AD2d 673, 675; Canonico v Hayes, 127 AD2d 911, 913). Notably, defendant failed to address fraud in the inducement in its moving papers.

Here, plaintiff claims that defendant made promises during the course of negotiating the listing agreements which it did not intend to keep. Promises made, if any, with respect to the manner in which defendant agreed to perform under the listing agreements cannot form the basis of a claim for fraud in the inducement inasmuch as promises to perform in the future pursuant to a contract merely duplicate claims for breach of contract (see, New York Univ. v Continental Ins. Co., 87 NY2d

308, 318; *Orix Credit Alliance v Hable Co.*, 256 AD2d 114, 115). However, plaintiff also alleges that defendant represented that the agent in charge of marketing plaintiff's subdivision had prior experience marketing a neighboring subdivision when, in fact, a different agent was responsible for the success of the competing subdivision. This alleged misrepresentation of a present fact, which plaintiff claims induced it to enter into the listing agreements, is sufficient to raise a question of fact precluding summary judgment on the issue of whether the subdivision listing agreement should be rescinded as a result of defendant's fraudulent inducement (*see, Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954, 956). We note, however, that the alleged misrepresentation pertains only to the subdivision listing agreement. As plaintiff has failed to state any facts supporting a claim for rescission of the residence listing agreement, defendant is entitled to summary judgment on the first cause of action with respect to that agreement.

Plaintiff's second cause of action asserts that defendant breached both listing agreements and we conclude that defendant should be awarded summary judgment on this claim. In unambiguous terms, both written listing agreements establish defendant's entitlement to a commission upon the sale of a listed property during the contractual period. Each agreement specifically grants to defendant "full discretion to determine the appropriate marketing approach" for the listed property. Plaintiff does not allege that defendant breached any of the aforesaid written terms of the listing agreements but, instead, argues that defendant failed to keep myriad promises extraneous to the agreements, principally concerning the manner in which defendant promised to market the property. "It is well settled that 'extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face' " (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163, quoting *Intercontinental Planning v Daystorm, Inc.*, 24 NY2d 372, 379). Thus, in the face of the clear terms of the listing agreements, plaintiff's claims of breach based on extrinsic evidence cannot survive (*see, Bast Hatfield v General Elec. Co.*, 229 AD2d 892, 894; *Ambrose Mar-Elia Co. v Dinstein*, 151 AD2d 416, 419, *lv denied* 74 NY2d 615).

Turning to defendant's counterclaim, defendant has established its entitlement to commissions under the terms of the listing agreements by introducing uncontroverted evidence that the Reiser residence and two of the six listed subdivision

lots were sold as a result of defendant's efforts while the listing agreements were in effect. Summary judgment should be granted, therefore, on defendant's counterclaim for breach of the residential listing agreement (*see, Balfour v Passarelli*, 245 AD2d 720, 721; *Hess v Kruse*, 131 AD2d 545, 546). However, inasmuch as plaintiff's cause of action for fraud in the inducement could undermine defendant's entitlement to relief under the subdivision listing agreement, it would be premature to grant defendant's counterclaim for breach of contract with respect to the sales of the subdivision lots (*see, Eurotech Dev. v Adirondack Pennysaver*, 224 AD2d 738, 739).

As its third cause of action, plaintiff contends that defendant breached its fiduciary duty and therefore must forfeit its commissions. In its complaint and bill of particulars, plaintiff alleges that when a prospective purchaser expressed interest in a subdivision lot which plaintiff had excluded from the subdivision listing agreement intending to sell it without a broker's assistance, defendant told the purchaser that the lot was unavailable for sale. Defendant then successfully directed the purchaser's attention toward a listed lot, which the purchaser eventually bought from plaintiff. Accepting these allegations, as we must, in the light most favorable to plaintiff (*see, Foresite Props. v Halsdorf*, 172 AD2d 929, 930), we nevertheless find that they are insufficient to create a material issue of fact precluding summary judgment on the issue of whether defendant breached its fiduciary duty.

"In New York, it is well settled that a real estate broker is a fiduciary with a duty of loyalty and an obligation to act in the best interests of the principal * * *" (*Dubbs v Stribling & Assoc.*, 96 NY2d 337, 340 [citations omitted]; *see, Coldwell Banker Residential Real Estate v Berner*, 202 AD2d 949, 951; *Douglas Holly, Inc. v Rice*, 161 AD2d 560, 561, *lv denied* 76 NY2d 709). This duty, however, is not unlimited (*see, Sonnenschein v Douglas Elliman-Gibbons & Ives*, 96 NY2d 369, 375-376 [holding that a broker had no duty to refrain from showing other properties to a purchaser who is in the process of negotiating to purchase the principal's property]; *Yellot v Poritzky*, 170 AD2d 676, 677 [no duty to disclose to principal the broker's purchase of a parcel contiguous to the parcel broker purchased from principal]). Indeed, in our view, the duty is not so broad as to render a broker responsible for protecting its principal's interests with respect to a property that has not been listed with that broker. A broker's duty to refrain from taking any action adverse to its principal's interests is necessarily tied to the transaction that formed the agency relation-

ship in the first instance (*see, e.g., Lamdin v Broadway Surface Adv. Corp.*, 272 NY 133, 138 [" 'An agent is held to uberrima fides in his dealings with his principal, and if he acts adversely to his employer *in any part of the transaction*, or omits to disclose any interest which would naturally influence his conduct *in dealing with the subject of the employment*, it amounts to such a fraud upon the principal, as to forfeit any right to compensation for services' " (emphasis supplied)]; *Klein v Twentieth Century-Fox Intl. Corp.*, 201 Misc 132, 134, *affd* 279 App Div 989 [broker has "a general duty to promptly disclose to his principal such information as he may possess or obtain in his employment *affecting the transaction in which he is engaged*" (emphasis supplied)]; *but cf., Lauer v Dupreau*, 87 AD2d 659, 660, *affd* 58 NY2d 814 [principal's allegation that broker slandered him is sufficient to defeat broker's motion for summary judgment]).

Although in this case plaintiff was selling the lot in question without the aid of a competing broker, the situation could easily arise where a principal utilizes different agents to market different properties. In such a case, each agent would have a duty of loyalty with respect to marketing and selling the property listed with that agent but, arguably, would have no duty to protect the principal's interests in properties listed with a competing agency. Plaintiff's claimed reliance on the broker's duty to disclose any conflict of interest (*see, Dubbs v Stribling & Assoc., supra* at 341) is unavailing inasmuch as plaintiff, having chosen to list only a portion of its lots with defendant, actually created the alleged conflict and thus cannot be said to have been unaware that defendant would direct its efforts to sell those lots covered by the listing agreement.

Plaintiff describes two other instances where defendant allegedly breached its fiduciary duty in its opposition papers to defendant's motion for summary judgment. We note that these claims were not raised in the complaint or bill of particulars and plaintiff has not moved to amend the complaint (*see, Fried v Seippel*, 80 NY2d 32, 41 n 5; *Manwani v Reuter*, 168 AD2d 340, *lv denied* 77 NY2d 810). In any event, the newly raised claims do not state a cause of action for breach of fiduciary duty.

Mercure, J.P., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment with regard to the second and third causes of action, part of the first cause of action and part of the counterclaim; motion partially granted and defendant is

awarded summary judgment dismissing the second and third causes of action and that part of the first cause of action regarding the residence listing agreement, and defendant is also awarded summary judgment on its counterclaim for commissions due under the residence listing agreement; and, as so modified, affirmed.