■ 480 ASSOCIATES, INC., Respondent, v S.A. II, LLC, Appellant. [801 NYS2d 30]—

Order, Supreme Court, New York County (Louis B. York, J.), entered on or about April 18, 2005, which, inter alia, granted plaintiff's motion for summary judgment, directing specific performance of the subject contract for the sale of real property, unanimously affirmed, with costs.

Although plaintiff real estate contract vendee was unprepared to close on the first scheduled closing date, time was not made of the essence in connection with that closing date and plaintiff subsequently indicated, and has shown, that it was ready, willing and able to close within the period specified in the contract and otherwise in accordance with the contract terms and that defendant was able to convey the property. Accordingly, it has demonstrated its entitlement to specific performance (*see Piga v*

*Rubin*, 300 AD2d 68 [2002], *lv dismissed in part and denied in part* 99 NY2d 646 [2003]). Plaintiff's failure to close on the first scheduled date, even if prompted by motives of the sort defendant would attribute to plaintiff, does not rise to the level of "criminal, immoral or unconscionable conduct which would warrant the denial of the equitable remedy of specific performance" (*4200 Ave. K Realty Corp. v 4200 Realty Co.*, 123 AD2d 419, 420 [1986]; *see also National Distillers & Chem. Corp. v Seyopp Corp.*, 17 NY2d 12, 15 [1966]). Concur—Friedman, J.P., Marlow, Gonzalez and Catterson, JJ.