OPINION OF THE COURT
Memorandum.
Order unanimously modified by striking the provision denying the branch of defendant Dr. Kaleed Sultan’s motion to dismiss the first cause of action and by granting said branch of defendant Sultan’s motion; as so modified, affirmed without costs.
In the case at bar, the complaint alleges a surrogate parenting agreement (Domestic Relations Law § 121 [4]), pursuant to which defendant Dr. Kaleed Sultan was to perform in vitro fertilization on a surrogate mother. It was further alleged that the child to be born from the impregnation was for the purpose of creating a child for plaintiff to adopt. Pursuant to Domestic Relations Law § 122, surrogate parenting agreements are against the public policy of this state, and are void and unenforceable. The statute is intended to prohibit surrogate parenting contracts where the surrogate mother, at the time of insemination or impregnation, agreed to surrender the child for adoption and the insemination or impregnation was done specifically for the purpose of creating a child for adoption (Scheinkman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 122, at 322).
A party to an illegal contract cannot seek a court of law to help her carry out her illegal object (see Empire Magnetic Imaging v Comprehensive Care of N.Y., 271 AD2d 472 [2000]), and *70 the court will leave the parties to such a contract where they find them (see Denburg v Parker Chapin Flattau & Klimpl, 82 NY2d 375, 385 [1993]; Flegenheimer v Brogan, 284 NY 268, 272-273 [1940]). In view of the foregoing, defendant Sultan’s motion pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action should have been granted.
Regarding plaintiffs cross appeal, the promise made during the alleged meeting between the parties cannot form the basis of a claim of fraud in the inducement since the promise to perform in the future pursuant to a contract merely duplicates the claim for breach of contract (New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [1995]; Reiser, Inc. v Roberts Real Estate, 292 AD2d 726 [2002]; Orix Credit Alliance v Hable Co., 256 AD2d 114, 115 [1998]). In any event, plaintiff cannot plead or prove the illegal contract to establish a claim of fraud (see Carr v Hoy, 2 NY2d 185, 187 [1957]). Thus, the court below properly granted the branch of the motion seeking to dismiss plaintiffs cause of action alleging fraud.
Finally, we find that Domestic Relations Law § 123 (1) (b) has no application to the facts herein, where it is alleged that the doctor was part and parcel of a contract that was illegal ab initio.
Pesce, EJ., Weston Fatterson and Belen, JJ., concur.