■ Arnold Greenberg, Appellant, v Neil Joffee et al., Respondents, et al., Defendant. [824 NYS2d 355]—

In an action to recover damages for breach of fiduciary duty and to rescind a contract for the sale of real property, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Burke, J.), dated May 5, 2005, which granted the motion of the defendant Neil Joffee for summary judgment dismissing the complaint insofar as asserted against him and for summary judgment on his counterclaim for specific performance of the contract, and granted the separate motion of the defendants Lawrence Porter and Resort Properties, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court entered May 26, 2005, which, upon the order, is in favor of the defendant Neil Joffee and against him, dismissing the complaint insofar as asserted against that defendant and directing him to specifically perform the contract.

Ordered that the appeal from so much of the order as granted the motion of the defendant Neil Joffee for summary judgment dismissing the complaint insofar as asserted against him and for summary judgment on his counterclaim for specific performance of the contract is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from so much of the intermediate order as granted the motion of the respondent Neil Joffee for summary judgment dismissing the complaint insofar as asserted against him and

for summary judgment on his counterclaim for specific performance of the contract must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted summary judgment dismissing the complaint insofar as asserted against the respondents. To succeed on a cause of action to recover damages for breach of fiduciary duty, a plaintiff must do more than make allegations of unscrupulous acts. "[T]he proponent of a claim for a breach of fiduciary duty must, at a minimum, establish that the offending parties' actions were 'a substantial factor' in causing an identifiable loss" (*Gibbs v Breed, Abbott & Morgan,* 271 AD2d 180, 189 [2000], quoting *Milbank, Tweed, Hadley & McCloy v Boon,* 13 F3d 537, 543 [1994]). A plaintiff must provide evidence to establish that the alleged "misconduct [was] the direct and proximate cause of the losses claimed" (*Laub v Faessel,* 297 AD2d 28, 30 [2002]). There must "be some reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered" (*id.* at 31, quoting Prosser and Keeton, Torts § 41, at 263 [5th ed]).

The respondents established, prima facie, that the plaintiff Arnold Greenberg, as administrator of the estate of Michael Greenberg, had instructed the respondents Lawrence Porter and Resort Properties, Inc. (hereinafter Resort), to list the estate's real property at a lower price than that recommended by Porter, to secure a quick sale. In opposition, the plaintiff submitted the affidavit of his daughter, who stated that Porter failed to disclose that the respondent Neil Joffee was a licensed real estate broker interested in buying the property for investment purposes, and that Porter had known Joffee prior to the sale. This was insufficient to raise a triable issue of fact as to whether Porter and Resort breached a fiduciary duty and that their conduct was the direct and proximate cause of a loss (*see Yellot v Poritzky,* 170 AD2d 676, 677 [1991]; *see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *cf. Baii Banking Corp. v Northville Indus. Corp.,* 232 AD2d 349, 350 [1996]; *TPL Assoc. v Helmsley-Spear, Inc.,* 146 AD2d 468 [1989]).

In addition, the Supreme Court properly granted that branch of Joffee's motion which was for summary judgment on his counterclaim for specific performance of the contract for the sale of the estate's real property. Joffee established that he was ready, willing, and able to perform his obligations under the

contract (*see 480 Assoc., Inc. v S.A. II, LLC,* 21 AD3d 814 [2005]; *Tucek v Hoffman,* 161 AD2d 588, 590 [1990]; *Cohn v Mezzacappa Bros.,* 155 AD2d 506 [1989]; *cf. Realty Equities, Inc. v Walbaum, Inc.,* 18 AD3d 531 [2005]; *Johnson v Phelan,* 281 AD2d 394, 395 [2001]; *Huntington Min. Holdings v Cottontail Plaza,* 96 AD2d 526 [1983], *affd* 60 NY2d 997 [1983]). In opposition, the plaintiff adduced no evidence to raise a triable issue of fact (*see generally Zuckerman v City of New York, supra*).

The appellant's remaining contention is without merit. Crane, J.P., Krausman, Spolzino and Skelos, JJ., concur.