Ward v Klein (2022 NY Slip Op 02153)





Ward v Klein


2022 NY Slip Op 02153


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-04894
 (Index No. 7097/18)

[*1]Elaine Ward, appellant,
v
Stuart A. Klein, etc., et al., respondents.


Elaine Ward, Flushing, NY, appellant pro se.
Klein Slowik PLLC, New York, NY (Peter E. Sayer of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered March 6, 2019. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, who held a master plumber license from the New York City Department of Buildings (hereinafter the DOB), retained the defendants to represent her with respect to disciplinary charges brought against her by the DOB. The DOB ultimately determined to revoke the plaintiff's license, and she allegedly further retained the defendants to challenge that determination in a CPLR article 78 proceeding. According to the plaintiff, the defendants timely commenced that proceeding by filing a petition, and the proceeding was transferred to the Appellate Division, First Department. The plaintiff alleged that the defendants then discontinued their representation of her, just before an impending filing deadline. The plaintiff retained another attorney, who obtained an enlargement of time. The plaintiff alleged that she was ultimately successful in her CPLR article 78 proceeding before the First Department.
The plaintiff, pro se, commenced this action against the defendants, inter alia, alleging causes of action sounding in breach of contract, legal malpractice, breach of fiduciary duty, and fraud, all arising out of the defendants' representation of her during the CPLR article 78 proceeding. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order entered March 6, 2019, the Supreme Court granted the motion, and the plaintiff appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the complaint a liberal construction, accept all facts as alleged in the complaint to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87).
Here, the plaintiff failed to state causes of action sounding in breach of contract, legal malpractice, breach of fiduciary duty, and fraud, as she failed to adequately allege the element of [*2]damages with respect to each of those causes of action (see Denisco v Uysal, 195 AD3d 989; McSpedon v Levine, 158 AD3d 618, 621; Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 848; Smith v Chase Manhattan Bank, USA, 293 AD2d 598, 600; see generally Greenberg v Joffee, 34 AD3d 426, 427).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
IANNACCI, J.P., MILLER, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court